# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA and DR. RACHEL TUDOR, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-15-324-C ) |
| SOUTHEASTERN OKLAHOMA STATE UNIVERSITY and THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff United States brought the present action to enforce Title VII claims against Defendants based on Defendants' actions towards Plaintiff Dr. Tudor, alleging sex discrimination and retaliation in violation of Title VII. Dr. Tudor then filed a Complaint in Intervention adding a claim for hostile work environment. The premise for each Plaintiff's claims are the alleged actions by Defendants directed at Dr. Tudor following her transition from male to female. Specific to the issues relevant to the present Motion, Dr. Tudor alleges that at the time she announced her intent to change gender Defendants began treating her differently, ultimately denying her tenure application. Dr. Tudor's Complaint also offers details of a number of other actions taken by Defendants, all allegedly the result of her change in gender.

Defendants filed a Motion to Dismiss Dr. Tudor's Intervenor Complaint seeking dismissal of Dr. Tudor's hostile environment claim pursuant to either Fed. R. Civ. P. 12(b)(1) or 12(b)(6). Defendants' 12(b)(1) Motion argues the Court lacks subject-matter jurisdiction to hear Dr. Tudor's hostile work environment claim because she failed to exhaust her administrative remedies. The 12(b)(6) Motion argues that Dr. Tudor has failed to state a claim for relief, as the factual allegations in her Complaint are insufficient to state a claim for hostile work environment. Because the 12(b)(1) Motion attacks the Court's power to decide this case, it will be addressed first.

1. Exhaustion

Defendants do not deny that Dr. Tudor filed a charge with the EEOC, they simply argue that the statement provided by Dr. Tudor to the EEOC was insufficient to notify them that she was pursuing a hostile work environment claim. Initially the Court notes that the exhibits upon which Defendants rely to argue Dr. Tudor did not exhaust are not documents prepared by Dr. Tudor, but rather the documents were prepared by the U.S. Department of Education. Thus, they are not helpful in determining the nature of the claims that Dr. Tudor exhausted. Rather, the Court will consider the statements made by Dr. Tudor when filing her complaint with the EEOC.[*]

---

[*] As Defendants note, the Court may consider these documents in ruling on the exhaustion challenge without converting the present Motion to one seeking summary judgment. See <u>Jenkins v. Educ. Credit Mgmt. Corp.</u>, 212 F. App'x 729, 732-33 (10th Cir. 2007).

2

The Supreme Court has held that Title VII does not specify the form or content of filings, providing only that charges shall be made in writing under oath or affirmation. See E.E.O.C. v. Shell Oil Co., 466 U.S. 54, 67 (1984). The EEOC is responsible for establishing the detailed requirements for inadequate filings. In that regard, the EEOC has established a regulation which provides "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). The Tenth Circuit has held that "'[w]e are required to construe appellants' EEOC charges with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'" Green v. Donahoe, 760 F.3d 1135, 1142 (10th Cir. 2014) (quoting Lyons v. England, 307 F.3d 1092, 1104 (9th Cir. 2002), cert. denied, ___ U.S. ___, 135 S. Ct. 1892 (2015)). Finally, "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." MacKenzie v. City and County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005) (citations omitted).

The Court finds that when measured by these standards, the complaint filed by Dr. Tudor with the EEOC was sufficient to exhaust a hostile environment claim. First, the letter Dr. Tudor sent to the EEOC provides adequate explanation that at least one of the issues on which her claims were based was her transition in gender and Defendants' employees' reaction to that change. The EEOC Charge of Discrimination signed by Dr. Tudor makes clear that employees of Defendants communicated her gender transition to members of the

3

administration who reacted negatively, and as a result she was subject to different terms and conditions of employment. These statements were sufficient to put Defendants on notice that Dr. Tudor was pursuing a hostile work environment claim, in addition to the other claims pursued in this case. Therefore, Defendants' Motion to Dismiss for failure to exhaust will be denied.

2. Hostile Environment Claim

Defendants challenge whether or not Dr. Tudor has pled facts to support a hostile work environment claim. "The elements of a hostile work environment claim are: (1) the plaintiff is a member of a protected group; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was based on the protected characteristic . . . ; and (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." Asebedo v. Kan. State. Univ., 559 F. App'x 668, 670 (10th Cir. 2014) (citing Dick v. Phone Directories Co., 397 F.3d 1256, 1262-63 (10th Cir. 2005)).

Defendants argue Dr. Tudor fails at the first step because she cannot establish she is a member of a protected class. According to Defendants, in Etsitty v. Utah Transit Auth., 502 F.3d 1215 (10th Cir. 2007), the Tenth Circuit held a transsexual individual is not within a protected class. However, the reasoning relied on by the Tenth Circuit in Etsitty is inapposite here. The Tenth Circuit's holding was that "transsexuals may not claim protection under Title VII from discrimination based solely on their status as a transsexual." Id. at 1222. The Circuit went on to clarify that "like all other employees, such protection extends

4

to transsexual employees only if they are discriminated against because they are male or because they are female." Here, it is clear that Defendants' actions as alleged by Dr. Tudor occurred because she was female, yet Defendants regarded her as male. Thus, the actions Dr. Tudor alleges Defendants took against her were based upon their dislike of her presented gender. The Tenth Circuit recognized this distinction in Etsitty at n.2, when it cited to the Sixth Circuit case of Smith v. City of Salem, 378 F.3d 566, 575 (6th Cir. 2004) ("Sex stereotyping based on a person's gender non-conforming behavior is impermissible discrimination, irrespective of the cause of that behavior; a label, such as 'transsexual,' is not fatal to a sex discrimination claim where the victim has suffered discrimination because of his or her gender non-conformity."). The factual allegations raised by Dr. Tudor bring her claims squarely within the Sixth Circuit's reasoning as adopted by the Tenth Circuit in Etsitty. Consequently, the Court finds that the discrimination occurred because of Dr. Tudor's gender, and she falls within a protected class. The first element is adequately pled.

The remainder of Defendants' challenge to the hostile work environment claim argues that Dr. Tudor has failed to plead sufficient facts to raise her claim above the speculative level. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Defendants read Dr. Tudor's Complaint too narrowly. When taken as a whole, it is clear that the factual allegations set forth by Dr. Tudor demonstrate that she was subjected to unwelcome harassment based on the protected characteristic and that the harassment by Defendants' employees was sufficiently severe or pervasive to alter a term, condition, or privilege of her employment and thereby create an abusive work environment. Accordingly, the Court finds

that Defendants' Motion to Dismiss for failure to state claim on the hostile work environment claim will be denied.

3. Laches

Finally, Defendants argue that the Complaint should be dismissed based on the doctrine of laches. According to Defendants, much of the conduct of which Dr. Tudor complains occurred as much as four or five years prior to filing her Complaint. Defendants argue that the delay has prejudiced them because of the lapse of time. In order to establish laches, Defendants must demonstrate (a) inexcusable delay in instituting a suit and (b) prejudice or harm to Defendants flowing from that delay. Alexander v. Phillips Petroleum Co., 130 F.2d 593, 605 (10th Cir. 1942).

Defendants' argument fails on both elements. First, as Dr. Tudor establishes in her Response, she began the administrative process shortly after Defendants' allegedly discriminatory actions. That there was some delay in the lawsuit being filed was primarily as a result of the administrative process and the actions of the EEOC in determining whether or not to pursue the claim on behalf of the United States, rather than anything attributable to Dr. Tudor. Dr. Tudor has acted timely in pursuing her administrative remedy and acted timely in filing her Complaint in Intervention once this action was initiated by the United States. In short, Defendants have failed to meet their burden of establishing that the doctrine of laches should apply.

**CONCLUSION**

For the reasons set forth herein, Defendants Southeastern Oklahoma State University and The Regional University System of Oklahoma's Amended Motion to Dismiss Plaintiff/Intervenor's Complaint in Part (Dkt. No. 30) is DENIED. Defendants Southeastern Oklahoma State University and The Regional University System of Oklahoma's Motion to Dismiss Plaintiff/Intervenor's Complaint in Part (Dkt. No. 27) is STRICKEN as it was inadvertently filed.

IT IS SO ORDERED this 10th day of July, 2015.

ROBIN J. CAUTHRON
United States District Judge