IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>DR. RACHEL TUDOR,<br><br>        Plaintiffs,<br><br>v.<br><br>SOUTHEASTERN OKLAHOMA<br>STATE UNIVERSITY and<br>THE REGIONAL UNIVERSITY<br>SYSTEM OF OKLAHOMA,<br><br>        Defendants. | Case No. CIV-15-324-C |

## MEMORANDUM OPINION AND ORDER

Dissatisfied with certain discovery responses provided by Plaintiff United States, Defendant Regional University System of Oklahoma has filed a Motion to Compel. The Motion seeks an Order compelling supplemental responses to numerous Interrogatories and Requests for Production. The request for additional responses can be grouped into three categories: (1) that the Plaintiff's claims of privilege should fail; (2) that Plaintiff should be required to respond to requests for medical records; and (3) that a response to request for non-privileged discovery should be provided. Plaintiff filed a response, arguing that its claims of privilege were properly asserted; that the medical records sought were irrelevant; and that a proper response had been provided to the other discovery matters. After review of Defendant's Motion, Plaintiff's Response, and the Reply brief, the Court finds that Defendant's Motion should be denied.

Considering first the challenge to the claims of privilege raised by Plaintiff, the Court notes that Defendant has failed to offer any valid argument or evidence to overcome the assertion of privilege. Initially the Court notes that Defendant's challenge to the privilege log provided by Plaintiff is based on an improper document. Defendant attached as an exhibit and made its argument based on the first privilege log provided by Plaintiff. However, some time before Defendant filed its Motion, Plaintiff provided an amended privilege log. The Court has reviewed the amended privilege log attached to Plaintiff's Response and finds that it is adequate to meet the requirements of Fed. R. Civ. P. 26.

Defendant's arguments related to Plaintiff's claims of work product, attorney-client privilege, and deliberative process privilege are overly broad and conclusory. Consequently, those arguments fail to offer any basis on which the Court should set aside Plaintiff's assertion of those privileges.

Defendant next challenges Plaintiff's refusal to provide responses to Interrogatory No. 10 and Request for Production No. 13. In those discovery requests, Defendant sought discovery of all facts and records supporting Plaintiff's claim that Intervenor "is a male-to-female transgender." Defendant has failed to demonstrate any relevance for those discovery requests.

First, Defendant's Answer to Plaintiff's Complaint in this matter contains sufficient admissions regarding Intervenor's transition status to overcome Defendant's current suggestion that it is unaware of Intervenor's transition from male to female. Further, Defendant has at no time raised or suggested as a defense to Plaintiff's claims in this matter

that Intervenor was not, in fact, undergoing a transition in her gender. Thus, there is no basis to find that the documentation sought by Defendant has some tendency to either prove or disprove a fact in dispute. Nor is it likely to lead to information relevant to a matter in dispute. See Fed. R. Civ. P. 26(b)(1).

As to Defendant's complaints regarding specific Interrogatory responses, concerning Interrogatory No. 2 the Court finds little merit in Defendant's position. As Plaintiff notes, Defendant's only argument is that Plaintiff provided too much information. Certainly Defendant is capable of discarding any information which it feels is non-responsive to its interrogatory. With regard to Interrogatory No. 3, Defendant again complains about the quality of Plaintiff's response. However, after reviewing the response, the Court finds no support for Defendant's complaint. In Interrogatory No. 6, Plaintiff responds that it has provided all responsive information and Defendant offers no evidence to the contrary. For Interrogatory Nos. 8, 11, and 12, the parties are in dispute regarding Plaintiff's obligation to set forth full details in support of its position. However, as noted by Plaintiff in its response, interrogatories requesting "all details" are routinely considered to be overly burdensome and indeed the additional information Defendant demands exceeds the scope of permissible discovery in this case. See Williams v. Sprint/United Mgmt. Co., 235 F.R.D. 494, 502-03 (D. Kan. 2006). Interrogatory Nos. 16 and 17 and Request for Production No. 15 request that Plaintiff produce or explain certain policies, practices, and programs that Defendant should institute and carry out, relying upon paragraphs of Plaintiff-Intervenor's prayer for relief in her Complaint, wherein she indicates that she would seek that type of relief from the Court.

As Plaintiff notes in its Response, the information sought by Defendant in these interrogatories is simply unavailable at this time. Until such time as Plaintiff has obtained and evaluated Defendant's current policies, it would be impossible to explain what changes should be made. Request for Production No. 5 seeks public information that is equally available to Defendant as to Plaintiff and therefore is not proper discovery. See Snowden By & Through Victor v. Connaught Labs., Inc., 137 F.R.D. 325, 333 (D.Kan.1991). In Request for Production Nos. 7, 23, 24, and 25, Plaintiff responds it offered no objection to these requests and has produced all documents in its possession. Requests for Production Nos. 28 and 29 are overly broad as they request more documentation than necessary for the claims in this matter. Further, Plaintiff notes that it has produced all responsive documents in its possession, custody, and control. Request for Production No. 31 requests copies of all documents showing the amount of attorney's fees, court costs, costs of litigation, and other fees occurred by Plaintiff in this litigation. As Plaintiff notes, it is not permitted to recover attorney's fees, and to the extent it may seek reimbursement for litigation costs, those matters are not yet ripe for consideration or discovery. Therefore, Defendant's Motion will be denied.

For the reasons set forth more fully herein, Defendant Regional University System of Oklahoma's Motion to Compel Discovery Responses (Dkt. No. 67) is DENIED.

IT IS SO ORDERED this 10th day of August, 2016.

*signature*

ROBIN J. CAUTHRON
United States District Judge