IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA and DR. RACHEL TUDOR, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-15-324-C ) |
| SOUTHEASTERN OKLAHOMA STATE UNIVERSITY and THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA, | ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

During the course of discovery in this matter, Plaintiffs took the deposition of Charles Babb, who is the general counsel for Defendant, Regional University System of Oklahoma. During Mr. Babb's deposition, Defendants made a number of objections asserting attorney-client privilege or the work product doctrine. Plaintiff, the United States, now seeks an Order finding that those privileges have been waived by prior disclosures, permitting the deposition to be recommenced, and imposing sanctions on Defendants. Defendants object to the Motion, arguing that the assertions of privilege were proper and that any continuing deposition of Mr. Babb would be a waste of resources.

The parties do not dispute that some of the questions asked of Mr. Babb sought material subject to the attorney-client privilege and/or work product doctrine; rather, the dispute hinges upon whether or not Defendants' failure to object in prior depositions waived that privilege. Specifically, Plaintiff argues that during the depositions of Cathy Conway,

Charles Weiner, and Bryon Clark questions were asked about those individuals' conversations with Mr. Babb and the deponents were permitted to answer. Plaintiff argues this prior failure to object waived any right to raise the attorney-client privilege or work product doctrine during the deposition of Mr. Babb.

The Court has reviewed the depositions of the individuals that Plaintiff asserts contained questions waiving the attorney-client privilege as well as the documents relied upon by Plaintiff. After that review, the Court finds that Defendants have waived their right to claim attorney-client privilege. During the depositions of Cathy Conway, Charles Weiner, and Bryon Clark, Plaintiff asked questions which explored the communications between the deponents and Mr. Babb. Defendants raised no objection to these questions, thereby waiving any privilege. See In re Qwest Commc'ns Int'l Inc., 450 F.3d 1179, 1185 (10th Cir. 2006) ("Because confidentiality is key to the privilege, '[t]he attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party.'") (quoting United States v. Ryans, 903 F.2d 731, 741 n.13 (10th Cir.1990)). As the Tenth Circuit has held "'the confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived. The courts will grant no greater protection to those who assert the privilege than their own precautions warrant." Ryans, 903 F.2d at 741, n. 13 (quoting In re Sealed Case, 877 F.2d 976, 980 (D.C. Cir. 1989)). Because Defendants have waived the privilege, the questions directed to Mr. Babb related to the subject matter of his communications with the deponents must be answered. For example, because Ms. Conway testified about her discussions with Mr. Babb related to

Plaintiff Tudor's use of the restroom, the privilege has been waived on that subject matter. Thus, the objections from counsel on pp. 24-26 of Mr. Babb's deposition were improper even though the questions inquired of conversations with persons other than Ms. Conway on the bathroom issue.

The Court finds no merit to Defendants' position that the disclosure of attorney-client communication or work product occurring during the depositions was only a general discussion and did not expose the substance of the conversation. Rather, each deponent, to the extent they remembered, testified to the substance of their questions to Mr. Babb and his responses. Because the substance of an otherwise privileged communication was disclosed, the privilege is lost. Id.

Likewise, Defendants' argument that because the deponents were low level employees they could not waive the privilege must fail. Counsel for Defendants was present at the depositions and have clearly demonstrated knowledge of how to raise a privilege objection. It was incumbent upon counsel to act to protect their client if they believed a privilege existed. See Hollins v. Powell, 773 F.2d 191, 196-97 (8th Cir. 1985); 8 Charles Alan Wright et al., Federal Practice and Procedure § 2016.1, at 228–29 (2d ed. 1994); 5 Okla. Stat. Appendix 3-A[4].

Plaintiff seeks sanctions against Defendants based on the groundless objections raised during Mr. Babb's deposition. Defendants argue that sanctions are improper as the objections were necessary to protect the privilege. As noted herein, it was patently clear by the time of Mr. Babb's deposition that the privilege had been waived. Thus, Defendants'

continued reliance on that doctrine was misplaced. Accordingly, the Court finds sanctions are appropriate. Defendants shall pay the costs associated with the continuation of Mr. Babb's deposition, including the reasonable travel costs of counsel for the United States and Dr. Tudor.

For the reasons set forth herein, the United States' Motion to Compel Deposition Testimony of Charles Babb and for Sanctions (Dkt. No. 68) is GRANTED.

IT IS SO ORDERED this 11th day of August, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge