**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| RACHEL TUDOR, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| v. | ) | CASE NO. 5:15-CV-00324-C |
| | ) | |
| SOUTHEASTERN OKLAHOMA | ) | |
| STATE UNIVERSITY, and | ) | |
| | ) | |
| THE REGIONAL UNIVERSITY | ) | |
| SYSTEM OF OKLAHOMA, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION TO COMPEL PRODUCTION OF**
**ESI WITHHELD ON THE BASIS OF PRIVILEGE**

I.    <u>**Introduction**</u>

Pursuant to Rule 37(a)(3)(B)(i) of the Federal Rules of Civil Procedure, Plaintiff,

the United States of America ("United States"), requests that the Court overrule attorney-

client privilege and attorney work product objections that Defendants asserted over

certain items of electronically stored information (ESI) produced pursuant to the FRE 502

Order in this case, and order production of the ESI.[1,2]  The United States also believes that Defendants previously waived privilege as to some of the ESI, that some files are not privileged by virtue of the sender and/or recipient, that some items are only partially privileged and thus should otherwise be produced, and that some ESI was never privileged because of its content.

Because the files addressed in this Motion are subject to privilege assertions that have not been resolved, the United States is not filing the items themselves with this brief.  However, the United States requests permission to file the items in dispute under seal to allow an *in camera* inspection of those documents so that the Court may assess the merits of Defendants' privilege assertions.[3]

_____

[1] The United States does not believe that Local Rule 37.1 governs this dispute because the underlying process is dictated by separate Court order (ECF No. 66), but the United States memorialized its concerns by letter to Defendants on August 17, 2016 and August 19, 2016 to allow Defendants an opportunity to address these issues without Court intervention.  Defendants declined to do so until well after the stay was lifted in this case.  Then, on August 11, 2017, Defendants sent a letter narrowing some of the issues in dispute (Ex. 4).  The United States narrowed this Motion where possible, but the items addressed here remain in dispute.

[2] Most of the information that is the subject of this Motion is in the form of native files, some of which are e-mail messages and a few of which are native files that were attached to the e-mails.  Defendants produced files which contained both e-mail messages and in some cases, a file contained both an e-mail message (which was sometimes a thread of e-mails) and the attachment that went with the e-mail message.  In most cases, the United States sought to retain entire files, with their associated attachments, but in others, the United States sought to retain only the attachments.  Defendants asserted privileges as to entire files, not separating out e-mails and attachments, or e-mails within threads.  As a result, the United States believes that some of Defendants' privilege claims may be valid as to e-mails, but not their attachments, or to some e-mails in a thread, but not all of them.  The file references in this document correspond to files produced, with the Document ID number Defendants used in their initial production.  The United States is attaching a chart listing all of the items in dispute to assist the Court in its review.  (Ex. 6.)

[3] The United States is including citations to the items in dispute in the event that the

II.     **Background**

Pursuant to this Court's Order (ECF No. 65) granting the United States' Motion to

Compel Production of ESI, Plaintiff United States and Defendants negotiated an agreed

order, pursuant to FRE 502(d), that would allow Defendants to produce ESI without

reviewing it for privilege or relevance.  ECF No. 66.  The United States was to review the

documents and indicate which items it wished to retain for use in litigation.  *Id.* at ¶ 2.

Defendants were then required to tell the United States which of those documents

Defendants wanted to assert privilege over within fourteen days.  *Id.* at ¶ 3.

Defendants produced the documents to the United States, and the United States

timely completed its review and informed Defendants which specific files it wished to

retain.  Initially, on Thursday, August 11, 2016, Defendants requested an extension on

their time to assert privilege objections (ECF No. 97), which the United States opposed

due to anticipated prejudice (ECF No. 100), but the following Monday, the Court struck

Defendants' Motion for an Extension of Time as moot because the Defendants had

advised the Court that they wished to withdraw it (ECF No. 103).  Thus, the United

States understands that Defendants' privilege assertions, which were provided to the

United States on August 12, 2016 and reiterated without elaboration as to the basis for

privileges on August 11, 2017, are final.  In August 2016, Defendants asserted privilege

by producing back to the United States the entire list of ESI that it had identified for

retention, and stating that fields on the list shaded in red were "attorney-client/attorney

---

Court allows the United States to file some or all of the items under seal.

work product privileged documents."[4]  (Ex. 1.)  Of the approximately 472 ESI items over

which Defendants originally asserted privilege, the United States now seeks production

of just ten through this Motion. The United States memorialized its disagreements with

the privilege assertions by letter sent August 17, 2016 (Ex. 2), and provided Defendants

with a list of documents for which privilege is disputed on August 19, 2016.  (Ex. 3.)  As

discussed above in Footnote 1, Defendants abandoned some claims of privilege and

shortened the list of disputed documents by letter on August 11, 2017, but disputes

remain as to several items. (Ex. 4.)

## III.    Argument

### A.    Legal Standards

#### 1.    Attorney-Client Privilege and Work Product

The attorney-client privilege "protects 'confidential communications by a client to

an attorney made in order to obtain legal assistance' from the attorney in his or her

capacity as a legal advisor."  *United Food & Comm. Workers Union v. Chesapeake*

*Energy Corp.*, No. CIV-09-1114-D, 2012 WL 2370637, at *7 (W.D. Okla. June 22, 2012)

(citing *United States v. Phelan,* 3 Fed. App'x 716, 718 (10th Cir. 2001).  "To be protected

by the attorney-client privilege, a communication between a lawyer and client must relate

to legal advice or strategy."  *Id.* (internal citation omitted).

Federal Rule of Civil Procedure 26(b)(3)(A)(ii) sets forth the attorney work

---

[4]  The list did not distinguish between attorney-client privilege assertions and attorney
work product assertions.  However, it is clear that many of these items do not contain
attorney work product.

product doctrine.  The Rule provides that "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" are ordinarily not discoverable. A party may discover these "work-product" materials only upon a showing of (1) a substantial need for the materials and (2) an inability to obtain their substantial equivalent by other means without undue hardship. *Davis v. PMA Companies, Inc.*, No. CIV-11-359-C, 2012 WL 3922967, at *1 (W.D. Okla. Sept. 7, 2012) (Cauthron, J.) (citing Fed. R. Civ. P. 26(b)(3)(A)(ii)).

### 2.    *In Camera* Review

Requiring parties "who seek to avoid disclosure of documents to make the documents available for in camera inspection" has been approved by courts in this Circuit as well as the Supreme Court.  *See Mounger v. Goodyear Tire & Rubber Co.*, No. 99-2230-JWL, 2000 WL 33712198, at *1 (D. Kan. Sept. 22, 2000) (quoting *United States v. Zolin*, 491 U.S. 554, 569 (1989)).  Whether to review documents *in camera* is a decision within the sound discretion of the trial court."  *Mounger,* 2000 WL 33712198, at *1 (quoting *In re Grand Jury Subpoenas (Anderson)*, 906 F.2d 1485, 1493 (10th Cir. 1990)).

The circumstances in the instant case are unusual in that the allegedly privileged documents themselves have already been produced to the United States, and at this time, no privilege log has been provided by Defendants.  Therefore, the United States respectfully submits that *in camera* review is necessary because, in the absence of a privilege log, there is no other way for the Court to evaluate the merits of Defendants'

privilege assertions.[5]  The United States notes that it does not seek *in camera* review of all materials over which Defendants assert privilege, but rather over a relatively small subset of those documents that are at issue in this Motion.

### B.     The Court's Ruling on Waived Privilege with Respect to Charles Babb Applies to Some of Defendants' Assertions Here.

At least one set of e-mails over which Defendants have asserted attorney-client privilege or have claimed is attorney work product may have been protected when the e-mails were created but is not anymore.  This item includes RUSO General Counsel Charles Babb's communications with Charles Weiner about interpretation of a particular academic policy.  *See* RUSO000479.  Because the Court's August 10, 2016 ruling found that Defendants waived attorney-client privilege over these subject matters, Defendants can no longer justifiably assert that privilege over e-mails on those same topics.  ECF No. 96 at 2.  *See also Kovacs v. Hershey Co.*, 04-CV-1881, 2006 WL 2781591, at *6 (D. Colo. Sep. 26, 2006) (waiver opens up discovery to all privileged communications regarding the same "subject matter" as the disclosed privileged communications); *see also United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997).  These e-mails should be produced.

---

[5] While the case law normally requires some sort of factual showing, based on a privilege log, that *in camera* review should be undertaken, *see, e.g.*, *Ressler v. United States*, Civil Action No. 10-cv-03050, 2012 WL 3231002, at *2-3 (D. Colo. Aug. 6, 2012), the United States respectfully submits that those requirements cannot be applicable here where there is no privilege log.  Further, because the United States has the documents, rather than putting allegedly privileged information into the record, the more cautious approach here is for the Court to assess the contents of the items themselves.

There are also disputed items that contain communications about Dr. Claire Stubblefield's consultation with Jana Legako, who appears to be an attorney at another RUSO institution.  Defendants produced at least one document containing legal communications between these particular individuals in the regular course of discovery (Ex. 5 [Dep. Ex. 111]), and Dr. Stubblefield was examined on multiple occasions about the exhibit during her deposition with no objection interposed by counsel.  Therefore, these communications are no longer privileged.  *See* SEOSUmail03597, SEOSUmail04056 and SEOSUmail04107.  Indeed, by their August 11, 2017 letter, Defendants agreed that SEOSUmail03195, which is on the same topic, is not privileged. (*See* Ex. 4.)  These items also should be produced.

**C.    An Assertion of Attorney-Client Privilege is Unwarranted Where the Communications Do Not Seek or Include Legal Advice.**

This Court has found that "[w]here a document has no explicit request for legal advice or reference to an attorneys' review, and to which there is no legal advice or strategic response from an attorney," attorney-client privilege does not apply.  *Ponca Tribe of Indians of Okla. v. Cont'l Carbon Co.*, No. CIV-05-445-C, 2008 WL 4372802, at *3 (W.D. Okla. Sept. 18, 2008) (Cauthron, J.) (applying state law and finding materials not privileged).  The same analysis and conclusion apply to many of the items disputed here.  As General Counsel for RUSO, it is clear that Charles Babb acted not only as an attorney but also interpreted academic policies for Defendants' employees, some of whom were not administrators.  As a result, there are many communications in which Southeastern employees seek information from Babb about how a policy works or

whether he agrees with their interpretation of policy, and in some instances, Babb asks follow-up questions about how policies were interpreted or carried out.  This is not legal advice, and is therefore not covered by attorney-client privilege.  This is even true where the policies are being interpreted as applied to Dr. Tudor, or where counsel is reviewing a faculty committee's recommendation interpreting an academic policy.  *See* RUSO000275, RUSO001352, RUSO001750, and RUSO001764.

   Similarly, exchanges between Babb and others are not privileged simply because Babb transmitted or received them if the content (or attachments to e-mails) is not privileged.  *See Ponca Tribe of Indians of Okla. v. Cont'l Carbon Co.*, No. CIV-05-445-C, 2008 WL 4372802, at *3 (W.D. Okla. Sept. 18, 2008) (Cauthron, J.) (communications containing discoverable facts are discoverable as well unless they were made for the purpose of facilitating the rendition of legal advice).  Specifically, there is one item where a RUSO Regent is asking questions about the events underlying this case.  Although it is the United States' understanding that the (now former) Regent is an attorney, the content of the e-mail does not suggest that he is acting as an attorney, but, as a client, he is asking questions and expressing his views.  That does not reflect the mental impressions of counsel; it reflects the mental impressions of the client, who, the e-mail demonstrates, is not seeking legal advice but facts, though he does mention Babb.  *See* RUSO001362. This item is not privileged.

### D.   Some Messages are Not Privileged Based on the Sender or Recipient.

   Where an e-mail message is sent from one Southeastern employee to another, and no attorney work product is included but the e-mail is later forwarded to an attorney, it

should be self-evident that the earlier portion of the e-mail thread is not privileged.  This applies to one item in dispute.  *See* RUSO000604.  Defendants may assert privilege only as to those portions of the e-mails that are actually privileged, but they seem to have asserted it as to the entire e-mail thread, and the United States disputes the privilege assertions to that extent.  These materials should be produced.

## III.  Conclusion

The United States respectfully asks the Court to overrule Defendants' privilege assertions and to order Defendants to produce the ESI in dispute.  To the extent the Court believes it will assist review, the United States also requests permission to file the disputed documents under seal to allow for *in camera* review.  An order granting the requested relief is attached to this Motion.

Date:  August 14, 2017                GREGORY B. FRIEL
                                      Deputy Assistant Attorney General
                                      Civil Rights Division

                                      DELORA L. KENNEBREW
                                      Chief
                                      Employment Litigation Section

                                      MEREDITH L. BURRELL (MD, no number issued)
                                      Deputy Chief
                                      Employment Litigation Section

                                      */s/*  Shayna Bloom
                                      ALLAN K. TOWNSEND (ME Bar No. 9347)
                                      SHAYNA BLOOM (D.C. Bar 498105)
                                      VALERIE MEYER (AZ Bar No. 023737)
                                      Senior Trial Attorneys
                                      Employment Litigation Section
                                      Civil Rights Division
                                      United States Department of Justice

9

950 Pennsylvania Avenue, NW
Patrick Henry Building, Fourth Floor
Washington, DC  20530
Telephone: (202) 616-9100
Facsimile:  (202) 514-1005
Allan.Townsend@usdoj.gov
Shayna.Bloom@usdoj.gov
Valerie.Meyer@usdoj.gov

Attorneys for Plaintiff United States

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served this document on all counsel of record through the Court's electronic filing system on the date below.

Date:  August 14, 2017          <u>/s/</u>  Shayna Bloom