IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA and | ) | |
|---|---|---|
| DR. RACHEL TUDOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-324-C |
| | ) | |
| SOUTHEASTERN OKLAHOMA | ) | |
| STATE UNIVERSITY and | ) | |
| THE REGIONAL UNIVERSITY | ) | |
| SYSTEM OF OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff United States brought the present action to enforce Title VII claims against Defendants based on Defendants' actions towards Plaintiff Dr. Tudor. Dr. Tudor has filed a Complaint in Intervention adding a claim for hostile work environment. The premise for each of Plaintiffs' claims are the alleged actions by Defendants directed at Dr. Tudor following her transition from male to female.

In preparation for trial, Plaintiffs have retained Dr. Robert Dale Parker, a professor of English at the University of Illinois at Urbana-Champaign, to offer expert testimony related to the tenure process. Defendants argue that Dr. Parker should not be permitted to testify, as his testimony does not meet the standards set out by Fed. R. Evid. 702 for admissible expert testimony. According to Defendants, the question of who should or should not be granted tenure is such a subjective issue that Dr. Parker's testimony could not be considered objectively reliable on the issue.

In preparing his expert report, Dr. Parker examined five Southeastern Oklahoma State University professors based upon whether or not they deserved tenure and then ranked each. Defendants attack this process, arguing that Dr. Parker's evaluation of the other professors was unreasonably subjective and that he lacked the necessary expertise to properly evaluate each of the other professors' works, as he does not have experience in each of the areas on which those professors were writing. Defendants also argue that Dr. Parker's testimony should be excluded because it lacks relevance. Finally, Defendants argue that Dr. Parker's testimony should be excluded because it will not assist the jury and is unfairly prejudicial. According to Defendants, Dr. Parker's testimony improperly relies upon factors which are within the understanding of a lay witness and therefore outside the scope of necessary expert testimony.

In response, Plaintiffs argue that Dr. Parker's testimony cannot properly be reduced to simply professing a subjective belief that Dr. Tudor should have been granted tenure; rather, the direction given was to address whether, in his professional judgment, Dr. Tudor met Southeastern's standards for promotion and tenure based on a comparison between her qualifications and the qualifications of her colleagues. Plaintiffs note that Dr. Parker has an extensive experience reviewing tenure portfolios in the field of English and that he has participated in deliberations for over 100 promotions and has served on multiple appeals committees for promotions at the University of Illinois. As for Defendants' challenge that Dr. Parker's methodology was not sound or reliable, Plaintiffs note that because Dr. Parker's opinion is based upon his experience, the reliability inquiry is different, noting the advisory committee notes to Rule 702 state: "If the witness is relying solely or primarily

2

on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." According to Plaintiffs, Dr. Parker's report addresses each of those factors and therefore is sufficiently reliable.

Finally, Plaintiffs argue that Dr. Parker's testimony is relevant as it provides a comparative analysis of the qualifications of Dr. Tudor as compared to successful tenure and promotion candidates. Additionally, Plaintiffs argue that Dr. Parker's opinion is directly relevant on determining whether or not Defendants' stated reasons for denying Dr. Tudor tenure were a pretext for discrimination. Specifically, Dr. Parker's report provides evidence that the stated reason for denying Dr. Tudor tenure – that her research and service are not only deficient but the poorest seen in twenty years – was not true. Plaintiffs argue that Dr. Parker's testimony will unquestionably assist the jury as it will provide some explanation and understanding of the tenure process and provide insight into Dr. Tudor's qualifications as they existed within the tenure package.

After the consideration of the arguments raised by the parties, the Court finds that Dr. Parker will be permitted to offer expert testimony in this matter. While he certainly could not offer an opinion on the ultimate issue – that is, did Defendants improperly discriminate against Dr. Tudor – he certainly is qualified to explain to the jury the tenure application process, his consideration of Dr. Tudor's work, and his comparison of that work to other applicants who were offered tenure. This testimony will be helpful to the jury in evaluating the veracity of Defendants' stated reasons for denying Dr. Tudor tenure. The average layperson has no experience or knowledge of how the tenure process works, what

methodology is used to evaluate their qualifications or scholarship. Thus, Dr. Parker's opinion will provide at least some relevant insight on these issues. To the extent Defendants raise challenges to the procedure used by Dr. Parker or challenge his methodology, those arguments are matters to be addressed through proper cross-examination rather than serve as a basis for striking Dr. Parker's testimony completely.

Finally, to the extent Defendants argue that <u>Goswami v. DePaul University</u>, 8 F. Supp. 3d 1019 (N.D. Ill. 2014), resolves the issue, the Court agrees with Plaintiffs that that case is distinguishable. At a minimum at this stage where a motion for summary judgment may still be filed questions of pretext are still relevant to this case. Certainly, Dr. Parker's testimony will provide some relevant evidence on that issue. Therefore, the <u>Goswami</u> opinion is not dispositive of the matter.

For the reasons set forth herein, Defendants' Second Motion in Limine (Dkt. No. 98) is DENIED. Dr. Parker will be permitted to testify in this matter, subject to the limitations noted herein.

IT IS SO ORDERED this 6th day of September, 2017.

ROBIN J. CAUTHRON
United States District Judge