IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DR. RACHEL TUDOR | ) | |
| | ) | |
| Plaintiff/Intervenor, | ) | |
| | ) | |
| v. | ) | CASE NO. 5:15-CV-00324-C |
| | ) | |
| 1. SOUTHEASTERN OKLAHOMA | ) | |
| STATE UNIVERSITY, and | ) | |
| | ) | |
| 2. THE REGIONAL UNIVERSITY | ) | |
| SYSTEM OF OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

---

PLAINTIFF/INTERVENOR'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

---

Ezra Young
Law Office of Ezra Young
30 Devoe Street, 1a
Brooklyn, NY 11211
P: 949-291-3185
F: 917-398-1849
ezraiyoung@gmail.com

Brittany Novotny
National Litigation
Law Group, PLLC
42 Shepherd Center
2401 NW 23rd St.
Oklahoma City, OK 73107
P: 405-429-7626
F: 405-835-6244
bnovotny@nationlit.com

Marie E. Galindo
Law Office of Marie E. Galindo
1500 Broadway, Str. 1120
Wells Fargo Building
Lubbock, TX 79401
P: 806-549-4507
F: 806-370-2703
megalindo@thegalindofirm.com

**ATTORNEYS FOR
PLAINTIFF/INTERVENOR**

Dated this 10th day of October, 2017

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
           Plaintiff,          )
                          )
and                        )
                          )
DR. RACHEL TUDOR          )
                          )
           Plaintiff/Intervenor,    )
                          )
v.                        )     CASE NO. 5:15-CV-00324-C
                          )
1. SOUTHEASTERN OKLAHOMA   )
STATE UNIVERSITY, and        )
                          )
2. THE REGIONAL UNIVERSITY   )
SYSTEM OF OKLAHOMA,      )
                          )
Defendants.             )

## PLAINTIFF/INTERVENOR'S PROPOSED JURY INSTRUCTIONS

**COMES NOW** Plaintiff/Intervenor Dr. Rachel Tudor and respectfully submits the

following Proposed Jury Instructions in accordance with the Court's Order dated June 13, 2017.

[Doc. No. 142].  The proposed jury instructions begin on the following page. To the extent

possible, these proposed instructions have been copied from prior cases that were tried before

this Court.

PROPOSED JURY INSTRUCTIONS INDEX

Proposed Jury Inst. No.
1. Opening
2. Evidence
3. Direct and Circumstantial Evidence
4. All Available Witnesses and Exhibits Need not be Produced
5. Credibility of Witnesses
6. Deposition Testimony
7. Impeachment
8. All Persons Equal Before the Law
9. Government Entity or Agency Involved
10. Probabilities
11. Burden of Proof
12. Each Claim to be Considered Separately
13. Statement of the Case
14. Title VII Claim – Hostile Work Environment Based Upon Gender – Essential Elements
15. Hostile Work Environment - Totality of Circumstances
16. Explanation of Gender Discrimination
17. Motivating Factor – Defined
18. Pretext-Defined
19. Employers' Reasons for Employment Decisions
20. Title VII Claim – Gender Discrimination/Failure to Promote
21. Title VII Claim - Retaliation
22. Termination
23. Compensatory Damages
24. Actual Damages
25. Nominal Damages
26. Reinstatement with Promotion and Tenure
27. Duty to Mitigate Damages
28. Effect of Instruction as to Damages
29. Closing

PROPOSED INSTRUCTION NO. 1
<u>OPENING</u>

Members of the jury, you have heard the evidence and will hear the final

arguments presented for Dr. Rachel Tudor and for defendants. I will now instruct you on the

law you will apply in this case.

You, as jurors in this case, are the sole judges of the facts. You must decide

the true facts from the evidence you have heard. In considering the evidence in this

case, you will use the court's instructions and your own sound judgment. You are

to determine the facts in this case, and you must then apply the law contained in

these instructions to those facts to decide whether the defendants are liable to Dr. Rachel Tudor.

First, I will instruct you on some general rules for your consideration of the

evidence in this case. Then I will instruct you on the law regarding Dr. Rachel Tudor's

claims. Lastly, I will give you some instructions about how to proceed with your

deliberations.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.
*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

PROPOSED INSTRUCTION NO. 2
<u>EVIDENCE</u>

The evidence in the case consists of the sworn testimony of the witnesses, all exhibits which have been received in evidence, and all facts which have been admitted or stipulated.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In considering the evidence and in determining the issues in this case, you should bring to your aid the knowledge which you possess in common with the generality of mankind concerning the matters disclosed by the evidence.

Statements and arguments of counsel are not evidence in the case. When the attorneys for all parties stipulate or agree as to the existence of a fact, the jury must accept the stipulations as evidence and regard that fact as conclusively proved.

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you are the sole judges of the facts and that includes the credibility of all witnesses and the weight and effect of all evidence.

When the court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if

4

permitted to answer any question.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.
*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

PROPOSED INSTRUCTION NO. 3
<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eye witness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.
*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

PROPOSED INSTRUCTION NO. 4
<u>ALL AVAILABLE WITNESSES AND EXHIBITS NEED NOT BE PRODUCED</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Likewise, the law does not require a party to produce as exhibits all papers and things mentioned in the evidence in the case. You are to base your decision on the documents and other evidence submitted at trial.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.

PROPOSED INSTRUCTION NO. 5
<u>CREDIBILITY OF WITNESSES</u>

You are the sole judges of the credibility or believability of each witness and the weight to be given to the witness's testimony. In weighing the testimony of a witness, you should consider the witness's relationship to Dr. Rachel Tudor or defendants; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.
*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

PROPOSED INSTRUCTION NO. 6
<u>DEPOSITION TESTIMONY</u>

During the trial, certain testimony has been presented by way of video or written depositions. You are instructed that you are not to discount this testimony for the sole reason that it comes to you in the form of a deposition. It is entitled to the same consideration and the same judgment on your part with reference to its weight and credibility as is the testimony of witnesses who have taken the stand.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.

PROPOSED INSTRUCTION NO. 7
<u>IMPEACHMENT</u>

You are instructed that a witness may be discredited or impeached by contradictory evidence or by evidence that at other times the witness has made statements that are inconsistent with the witness's present testimony.

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness only such credibility, if any, as you may think it deserves.

If any witness is shown to have knowingly testified falsely concerning any material matter, you have the right to distrust such witness's testimony in other particulars, and you may reject all of the testimony of that witness, or give it only such credibility as you may think that it deserves.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.
*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

PROPOSED INSTRUCTION NO. 8
<u>ALL PERSONS EQUAL BEFORE THE LAW</u>

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice. The fact that Dr. Rachel Tudor is an individual and the defendants are governmental entities should not influence your thinking, either for or against either Dr. Rachel Tudor or the defendants.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.
*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

11

PROPOSED INSTRUCTION NO. 9
<u>GOVERNMENT ENTITY OR AGENCY INVOLVED</u>

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way.  A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a governmental agency is involved, of course, it may act only through people as its employees; and in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

Authority

*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

*Thomas Trent Pettigrew v. State of Oklahoma ex rel. The Department of Public Safety*, Western District of Oklahoma Case No. CIV-12-116-L.

PROPOSED INSTRUCTION NO. 10
<u>PROBABILITIES</u>

Your decision in this case must be based upon probabilities, not possibilities.

It may not be based upon your speculation or guesswork.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.

13

PROPOSED INSTRUCTION NO. 11
<u>BURDEN OF PROOF</u>

The burden is on Dr. Rachel Tudor in a civil action such as this, to prove every essential element of her claims by a "preponderance of the evidence." A "preponderance of the evidence" means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a preponderance of the evidence merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proven by a preponderance of the evidence, you may consider the testimony of all of the witnesses regardless of who may have called them, and all the exhibits received in evidence regardless of who may have produced them.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.

PROPOSED INSTRUCTION NO. 12
EACH CLAIM TO BE CONSIDERED SEPARATELY


Dr. Rachel Tudor alleges multiple claims against the defendants. Each of the claims and

the evidence applicable to the claims should be considered separately. A verdict for

Dr. Rachel Tudor or defendants as to each claim should likewise be considered separately. Of

course, some evidence may pertain to more than one claim.

The fact that you may find in favor of a party on one claim should not control

your verdict with reference to the other claims.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.

PROPOSED INSTRUCTION NO. 13
STATEMENT OF THE CASE

The case involves Dr. Rachel Tudor, a transgender woman and former English professor, who claims that her former employers – Southeastern Oklahoma State University ("Southeastern") and the Regional University System of Oklahoma ("RUSO"), who have participated as a single employer, of subjecting her to a hostile work environment, discriminating against her because of her gender by denying her a promotion known as "tenure," and retaliating against her because she complained.

Tudor contends that when she announced her gender transition from male to female in Summer 2007, Defendants subjected her to hostile policies, practices, and incidents that made her work environment a hostile one.  Tudor points to policies-such a rule barring her from using the women's restroom, an exclusion on her employer provided health plan denying her coverage for medical care because she is transgender despite providing the same care to nontransgender persons – as well as a slew of incidents over a four-year period made her work environment hostile. Tudor argues that she complained to her coworkers, directly to defendants, and publicly complained via her blog and that others complained on her behalf but Defendants still failed to fix the environment. Tudor also argues that defendants' discrimination and harassment policies at the time did not protect her from hostilities simply because she was transgender.

Defendants provide that even though they investigated some of Tudor's complaints and decided that nothing wrong happened to Tudor, that she failed to complain to them about hostilities. Defendants also argue that even though their harassment and discrimination policies at the time did not expressly protect transgender people that their policies did protect transgender people.

16

Tudor further claims that when she applied for promotion and tenure in the 2009-10 cycle that she was qualified for the position and that defendants illegally denied her the job because of her gender. Tudor points to evidence which she believes proves that defendants' rationales for deeming her unqualified in the 1009-10 cycle were mere pretext for discrimination.  Defendants argue that the fact that Southeastern administrations-whom Tudor accuses of bias-decided that Tudor was unqualified is itself sufficient to show she was unqualified.

Tudor also argues that when she attempted to reapply for promotion and tenure in the 2010-11 cycle, defendants barred her from reapplying, resulting in her termination at the end of May 2011. Tudor argues that she was qualified for the position in the 201-11 cycle, and that defendants' decision to deny her the ability to reapply was in retaliation for Tudor's many complaints about the 2009-10 application cycle. Tudor also argues that the rationales Southeastern administrators gave Tudor for why they were not allowing her to reapply in 2010-11 cycle are mere pretext for retaliation.

Defendants contend that Tudor was not qualified in the 2010-11 cycle and that defendants' policies did not prohibit reapplication but that defendants' administrators were nevertheless allowed to prohibit reapplication. The defendants further argue that Tudor was not harmed by their decision to not allow her to reapply despite the fact that because she could not reapply she was terminated from her job at the end of May 2011 for failure to get tenure that year.

These are issues for you to decide.

PROPOSED INSTRUCTION NO. 14
TITLE VII CLAIM - HOSTILE WORK ENVIRONMENT
BASED UPON GENDER - ESSENTIAL ELEMENTS

Dr. Rachel Tudor claims that she was subjected to a hostile work environment based upon her gender. Title VII makes it unlawful for an employee to be subjected to a hostile or abusive work environment based upon the employee's gender. In order to prevail on her Title VII claim for hostile work environment based upon gender, Tudor must establish, by a preponderance of the evidence, the following essential elements:

(1) Tudor was subjected to conduct by workers or supervisors at the Hitachi facility consisting of harassment, inappropriate comments or physical violence;

(2) such conduct was unwelcome;

(3) such conduct was based on Tudor's gender;

(4) such conduct was sufficiently severe or pervasive that a reasonable person in Tudor's position would find Tudor's work environment to be hostile or abusive;

(5) at the time such conduct occurred and as a result of such conduct, Tudor believed her work environment to be hostile or abusive;

(6) defendants knew or should have known of the conduct;

(7) defendants failed to take prompt and appropriate corrective action to end the conduct; and,

(8) Tudor suffered some injury or damage, even if merely nominal damage, as a result of defendants' failure to take prompt and appropriate corrective

18

action to end the conduct.

If any of the above essential elements has not been proven by a preponderance of the evidence, your verdict must be for defendants and you need not proceed further in considering this claim.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.

19

PROPOSED INSTRUCTION NO. 15
HOSTILE WORK ENVIRONMENT - TOTALITY OF CIRCUMSTANCES

In determining whether a reasonable person would find Dr. Rachel Tudor's work environment hostile or abusive, you must look at all of the circumstances. These circumstances may include the frequency of the conduct; its severity; its duration; whether it was physically threatening or humiliating, and whether it unreasonably interfered with Tudor's work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, sporadic or occasional use of abusive language, gender or age related jokes and occasional teasing, does not constitute an abusive or hostile environment. You must consider all the circumstances and the context in which the conduct occurred. Only conduct amounting to a material change in the conditions of employment amount to an abusive or hostile work environment.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.

PROPOSED INSTRUCTION NO. 16
### EXPLANATION - GENDER DISCRIMINATION

The law prohibits discrimination because of an employee's sex or gender.  That means that employers may not make employment decisions based on an employee's gender transition or failure to conform to gender stereotypes.[1]

"Sex" means not only a person's male or female anatomy, but also the cultural and social aspects associated with masculinity and femininity.[2]  All employees, whether transgender or not, are protected from discrimination on the basis of gender stereotype.[3]  Employees may not be punished because they do not conform, or are perceived not to conform, to social gender roles or to stereotypical notions about how men and women should look and dress.[4]

Authority

---

[1] ECF No. 32 at 6; *see also Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *Schroer v. Billington*, 577 F. Supp. 2d 293 (D.D.C. 2008).

[2] *Macy v. Holder*, EEOC Doc. 0120120821, 2012 WL 1435995, at *6 (EEOC Apr. 20, 2012).

[3] *Glenn v. Brumby*, 663 F.3d 1312, 1318 (11th Cir. 2011).

[4] *Price Waterhouse*, 490 U.S. at 250-51.

<u>PROPOSED INSTRUCTION NO. 17</u>
<u>MOTIVATING FACTOR-DEFINED</u>

Dr. Rachel Tudor is not required to prove that her sex was the sole or exclusive reason for

the defendants' decisions. Dr. Rachel Tudor must prove only that her sex was a motivating factor

in defendants' decisions.

Authority

*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District
of Oklahoma Case No. CIV-14-821-F.

PROPOSED INSTRUCTION NO. 18
<u>PRETEXT DEFINED</u>

You may find that Dr. Rachel Tudor's sex was a motivating factor in defendants'
decisions if she has proven by the preponderance of the evidence that defendants stated reason(s)
for their decisions are not the true reasons, but are a "pretext" to hide discriminatory motivation.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-
11-874-F.

PROPOSED INSTRUCTION NO. 19
<u>EMPLOYERS' REASONS FOR ITS EMPLOYMENT DECISIONS</u>

The defendants assert that it had a legitimate, non-discriminatory reason for not promoting Dr. Rachel Tudor. Defendants assert that she was not qualified for tenure.

You are instructed that the defendants do no bear the burden of proof with respect to the reasons for their actions. Thus, Dr. Rachel Tudor can prevail on her claim of gender discrimination only if she proves, by the greater weight of the evidence, that her gender was a motivating factor in the defendants' decisions not to promote her, in addition to, or instead of, any legitimate non-discriminatory reason or reasons.

If you find that the state reason or reasons given by the defendants are inconsistent or implausible, or if you find that in its actions against Dr. Rachel Tudor the defendants substantially deviated from their own practices or customs, then you may conclude that defendants offered explanations are a mere pretext or sham or cover up for gender discrimination or sex discrimination. If you find pretext, you may also infer that Dr. Rachel Tudor's gender was a motivating factor in defendants' employment decision, but you are not required to draw such an inference. If you do not find that the defendants' explanations are a mere pretext, you must still consider whether the defendants' employment decisions were motivated by gender discrimination or by sex discrimination.

Authority

*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

24

PROPOSED INSTRUCTION NO. 20
TITLE VII-DISCRIMINATION-FAILURE TO PROMOTE

Dr. Rachel Tudor claims that defendants intentionally discriminated because of her sex during the 2009-10 application cycle for tenure. Title VII prohibits an employer from intentionally discriminating against an employee by failing to promote her because of her sex and/or gender. In order to prevail on this Title VII claim for discrimination, Dr. Rachel Tudor must establish, by a preponderance of the evidence, the following essential elements:

1.   That defendants denied Tudor a promotion to a position that was later filled by another employee;

2.   Dr. Rachel Tudor's sex was a motivating factor for the defendants' actions; and

3.   That Dr. Rachel Tudor suffered damages as a result of defendants' unlawful discrimination.

If any of the above essential elements has not been proven by a preponderance of the evidence, your verdict must be for defendants and you need not proceed further in considering this claim.

Authority

*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

PROPOSED INSTRUCTION NO. 21
TITLE VII CLAIM - RETALIATION

Dr. Rachel Tudor claims that defendants retaliated against her by denying her tenure during the 2010-11 application for tenure cycle because she complained of unlawful gender harassment in the workplace which made her employment non-renewable. Title VII prohibits an employer from retaliating against an employee for complaining of actions that violate Title VII. In order to prevail on her Title VII claim for retaliation, Dr. Rachel Tudor must establish, by a preponderance of the evidence, the following essential elements:

(1) Tudor complained to defendants about unlawful gender harassment;

(2) defendants' made Tudor's employment with them nonrewable at the time, or after, the complaint was made;

(3) defendants terminated Tudor's employment because of her complaints of unlawful gender harassment; and,

(4) Tudor suffered damage as a result of defendants' actions.

If any of the above essential elements have not been proven by a preponderance of the evidence, your verdict must be for defendants and you need not proceed further in considering this claim.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.

26

PROPOSED INSTRUCTION NO. 22
<u>TERMINATION</u>

In this case, Dr. Rachel Tudor maintains that she was not terminated for any reason, but that she was denied tenure which ultimately made her employment non-renewable due to retaliation.

Termination is not a claim raised by Dr. Rachel Tudor nor addressed or disputed by the defendants in this case.

PROPOSED INSTRUCTION NO. 23
<u>COMPENSATORY DAMAGES</u>

If you find that Dr. Rachel Tudor has proven every essential element of her Title VII claim for hostile work environment based upon gender or her Title VII claim for retaliation or her Title VII discrimination claim, then she is entitled to an award of compensatory damages. You may award Tudor compensatory damages for any mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, or other non-pecuniary losses, which you find Dr. Rachel Tudor experienced as a result of defendants' unlawful conduct. Conduct by the defendants which does not cause harm does not entitle Tudor to damages. By the same token, harm to Tudor which is not the result of unlawful conduct by the defendants does not entitle Tudor to compensatory damages.

Compensatory damages must be reasonable. If you should find that Tudor is entitled to an award of compensatory damages on one or more of her Title VII claims, you may award her only such damages as you find will reasonably compensate her for the losses and injuries which you find, from a preponderance of the evidence in the case, that she sustained as a result of the defendants' unlawful conduct. You may not award damages on Tudor's separate claims in a manner which results in a double or multiple recovery for the same harm. You may not award damages based simply on speculation or guesswork. Any award must fairly compensate Tudor for her losses and injuries, but must have a basis in the evidence and be reasonable in light of that evidence.

No evidence of monetary value of such intangible things as pain and suffering

has been, or need be, introduced into evidence. There is no exact standard for fixing

the compensation for these elements of damages. Any award you make should be

fair in light of the evidence presented at trial.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.
*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

PROPOSED INSTRUCTION NO. 24
<u>ACTUAL DAMAGES</u>

In addition to compensatory damages, if you find that Dr. Rachel Tudor has proven the essential elements of any of her Title VII claims, then you may award her an amount that reasonably compensates her for any lost wages and employee benefits which she suffered between the time of the discrimination and the date of trial.

You should deduct from this sum whatever wages Tudor has obtained from other employment during this period.

If you find that Tudor is entitled to an award of actual damages for the various Title VII claims, you may not award actual damages on Tudor's separate claims in a manner which results in a double or multiple recovery for the same harm.

Authority

*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

*Thomas Trent Pettigrew v. State of Oklahoma ex rel. The Department of Public Safety*, Western District of Oklahoma Case No. CIV-12-116-L.

PROPOSED INSTRUCTION NO. 25
<u>REINSTATEMENT WITH PROMOTION AND TENURE AS REMEDY</u>

The jury is not barred from awarding reinstatement with promotion and tenure as an

additional remedy to damages except that awarding reinstatement with promotion and tenure

precludes Dr. Rachel Tudor from future damages.

PROPOSED INSTRUCTION NO. 26
NOMINAL DAMAGES


If you find Dr. Rachel Tudor has proven by a preponderance of the evidence every

element of her Title VII claims but do not find that Tudor is entitled to an award of

compensatory damages, as discussed in a previous instruction, or find that Tudor's damages have

no monetary value, then you must return a verdict for Tudor for the particular Title VII claim in

the nominal amount of one dollar.


Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-
11-874-F.
*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District
of Oklahoma Case No. CIV-14-821-F.

PROPOSED INSTRUCTION NO. 27
<u>DUTY TO MITIGATE DAMAGES</u>

If you find in favor of Dr. Rachel Tudor on her Title VII claim of hostile work

environment based upon gender or her Title VII claim for retaliation, in fixing the amount of

money that will reasonably and fairly compensate her, you are to consider that a party who is

injured must exercise ordinary care to minimize existing injuries and to prevent further injury. If

the defendants prove by a preponderance of the evidence that any part of Dr. Rachel Tudor's

injuries results from a failure to exercise such care, damages cannot be recovered for

such loss.

Recovery of damages is not allowed for any losses that the defendants have

proven Dr. Rachel Tudor could reasonably have avoided.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.

PROPOSED INSTRUCTION NO. 28
EFFECT OF INSTRUCTION AS TO DAMAGES


The fact that I have instructed you as to the proper measure of various types

of damages should not be considered as indicating any view of mine as to which

party is entitled to your verdict in this case or as to whether Dr. Rachel Tudor is entitled to

damages. Instructions as to the measure of damages are given for your guidance

only, in the event that you should find in favor of Tudor from a preponderance of

the evidence in this case in accordance with this and all other instructions.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.
*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

PROPOSED INSTRUCTION NO. 29
<u>CLOSING</u>

I have made certain rulings in the conduct of the trial, and particularly with reference to the admission of evidence. In so doing, I have neither expressed nor intimated in any way the weight or credit to be given any evidence or testimony admitted during the trial, nor indicated in any way the conclusions to be reached by you.

In this court it is entirely proper for the judge, if she desires, to comment on the evidence and express an opinion on it to the jury. I have not done that in this case. I feel that this jury is fully capable of deciding the true facts in this case and applying to those true facts these applicable rules of law. If there is anything that I have said or done that might seem to indicate to you how I would decide this case, I instruct you to disregard it and to use your own judgment in arriving at your verdict.

During the trial, you undoubtedly noted some instances in which I quickly reviewed the preliminary transcript as it appeared on the computer screen. That was only a preliminary transcript. Any transcript which could be made available to other persons for any other purpose would have to be a certified transcript. The preparation of a certified transcript involves a number of steps, and it is highly unlikely that a certified transcript of the testimony of any witness could be completed without substantial delay. Moreover, if a transcript of the testimony of any particular witness were provided, it might be necessary, in fairness, to provide additional transcript of the testimony of other witnesses. That would take additional time, resulting in further delay. For that reason, it is simply not practicable to

prepare a transcript of testimony for use in your deliberations. It will be necessary for you to make your decision based on what you remember about the evidence. You must do your very best to recall the testimony as it was presented at trial. You should also listen very carefully to your fellow jurors' recollections as to the testimony which was given during the trial.

From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge which you each possess in common with other persons, you will reach your conclusions. You should not let sympathy, sentiment or prejudice enter into your deliberations, but you should discharge your duties as jurors in an impartial, conscientious and faithful manner under your oaths and render your verdict as the evidence warrants when measured by these instructions. These instructions contain all the law, whether statutory or otherwise, which may be applied by you in this case and the rules by which you should weigh the evidence and determine the facts in issue. You must consider the instructions as a whole, and not a part, to the exclusion of the rest. You will not use any method of chance in arriving at the verdict, but base it on the judgment of each juror concurring in it.

After the closing arguments have been completed, the bailiff will lead you to the jury deliberation room to begin your deliberations. If any of you have cell phones or similar devices with you, you are instructed to turn them off and give them to the bailiff as you enter the jury deliberation room. They will be held by the bailiff for you and returned to you after your deliberations are completed and during any break when you are not deliberating. The purpose of this requirement is to avoid any

interruption or distraction during your deliberations and to eliminate even the possibility of a question of outside contact with the jury during your deliberations.

After you have retired to consider your verdict, select one of your number as the foreperson and enter upon your deliberations. If you need to contact the court for any purpose, it is requested that you do so by a written message signed by the foreperson and transmitted to the court through the bailiff. The exhibits will be available for your examination.

When you have agreed on a verdict, the foreperson will sign it, and you will, as a body, return it into open court. A verdict form will be furnished for your use. If you fail to reach a verdict, the parties may be put to the expense of another trial, and may once again have to endure the mental and emotional strain of a trial.

If the case is retried, a future jury must be selected in the same manner and from the same source as you have been chosen, and there is no reason to believe that the case would ever be submitted to a jury more competent to decide this case than those of you who compose the present jury. There is no reason to believe that there will be more or clearer evidence produced at a future trial.

The verdict of the jury in this case must be unanimous, which means that each juror must agree and concur in it. In this connection, you are advised that jurors have a duty to consult with one another, and to deliberate, with a view to reaching an agreement -- if it can be done without violence to individual judgment. Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with fellow jurors; in the course of deliberations, a juror should not hesitate to re-examine his or her own views and change an opinion, if convinced it

is erroneous, but no juror should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of fellow jurors or for the mere purpose of returning a verdict.

Authority

*Betty Glasco v. Aerotek Professional Service, Inc.*, Western District of Oklahoma Case No. CIV-11-874-F.
*William Diaz v. Oklahoma Bureau of Narcotics and Dangerous Drugs Control,* Western District of Oklahoma Case No. CIV-14-821-F.

Dated this 10th day of October, 2017.

                                    Respectfully submitted,

                                    /s/ Marie E. Galindo
                                    MARIE E. GALINDO (TX 00796592)
                                    EZRA YOUNG (NY 5283114 )
                                    BRITTANY M. NOVOTNY (OBA 20796)
                                    1500 Broadway, Suite 1120
                                    Lubbock, TX 79401
                                    Telephone: 806.549.4507
                                    Facsimile: 806.370.2703
                                    Email: megalindo@thegalindolawfirm.com
                                    Email: ezraiyoung@gmail.com
                                    Email: bnovotny@nationlit.com
                                    *Attorneys for Plaintiff/Intervenor Rachel Tudor*

## CERTIFICATE OF SERVICE

        I hereby certify that on October 10, 2017, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing

to the Following ECF registrants:

Kindanne C. Jones
Dixie L. Coffey
Jeb Joseph
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Section
313 N. E. 21st Street
Oklahoma City, Oklahoma 73105
Kindanne.Jones@oag.ok.gov
Dixie.Coffey@oag.ok.gov
Jeb.Joseph@oag.ok.gov
***Attorneys for Defendant State of Oklahoma***
***Ex rel. Regional University System of Oklahoma***
***& Southeastern Oklahoma State University***

Allan Townsend
Delora Kennebrew
Meredith Burrell
Shayna Bloom
Valerie Meyer

39

U.S. Dep't of Justice, Civil Rights Division-DC
950 Pennsylvania Avenue NW
Room 49258 PHB
Washington, DC 20530
Allan.Townsend@usdoj.gov
Delora.Kennebrew@usdoj.gov
Meredith.Burrell@usdoj.gov
Shayna.Bloom@usdoj.gov
Valerie.Meyer@usdoj.gov
***Attorneys for the United States of America***

Jennifer L. Arendes
U.S. Equal Employment Opportunity Commission
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO 63103
Jennifer.Arendes@eeoc.gov
***Attorney for the U.S. EEOC***

/s/ Marie E. Galindo
Marie E. Galindo (TX 00796592)
1500 Broadway, Suite 1120
Lubbock, TX 79401
Telephone: 806.549.4507
Facsimile: 806.370.2703
megalindo@thegalindolawfirm.com