IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA and | ) | |
|---|---|---|
| DR. RACHEL TUDOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-324-C |
| | ) | |
| SOUTHEASTERN OKLAHOMA | ) | |
| STATE UNIVERSITY and | ) | |
| THE REGIONAL UNIVERSITY | ) | |
| SYSTEM OF OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff United States began this Title VII action in March of 2015. Ten days later, Plaintiff Tudor filed a Complaint in Intervention and was permitted to intervene in the action. The Complaint raised claims of sex discrimination and retaliation arising under Title VII. Plaintiff Tudor's Complaint in Intervention added a hostile work environment claim. Plaintiffs entered a common interest agreement and have worked closely in preparing this claim for trial. In August of 2017, Plaintiff United States settled its claims with Defendants. Plaintiff United States now seeks dismissal from this action. Defendants agree to Plaintiff United States' request for dismissal; however, Plaintiff Tudor objects.

Plaintiff Tudor raises four concerns which drive her objection to the request for dismissal. First, she is concerned that if Plaintiff United States' claims are dismissed with prejudice, that dismissal could be construed as a judgment or ruling which precludes the continued litigation of her mirror claims. In response, both Defendants and Plaintiff United

States acknowledge that their settlement agreement would not have any impact on the merits of Plaintiff Tudor's claims. Thus, this argument does not provide a basis to deny the request for dismissal.

Next Plaintiff Tudor argues that the dismissal of United States may trigger an election of remedies as to Tudor and her claims. Once again, the Court finds no support for Plaintiff's concerns. In the event that Plaintiff prevails at trial in this matter and is awarded damages, any concern about double recovery or the effect of the settlement can be addressed at that stage. To the extent Plaintiff seeks prospective relief, any issues related to such an award may be addressed at the time the issue arises. Delaying dismissal of Plaintiff United States from this action is not necessary to preserve the appropriate chance to address those matters.

Next Plaintiff Tudor argues that she should be permitted to continue to use experts originally retained and designated by Plaintiff United States – Drs. Parker and Brown. Defendants object, arguing that avoiding the cost of the depositions of those experts was one of the reason it settled the case with Plaintiff United States. The Court is not persuaded by Defendants' arguments. In her witness list, Plaintiff Tudor designated the witnesses listed by Plaintiff United States which included these expert witnesses. Further, Defendants did not object to Plaintiff Tudor's adoption of Plaintiff United States' expert witnesses. Additionally, it is apparent from the parties' briefs that Plaintiff Tudor advised Defendants of her intent to use these experts and that she was willing to carry forward with their previously set depositions. It was Defendants who declined this opportunity. Accordingly, the Court finds that Plaintiff Tudor will be permitted to offer into evidence

the expert testimony of Drs. Parker and Brown without regard to the dismissal of Plaintiff United States.

Finally, Plaintiff wishes to have the Court impose certain conditions on Plaintiff United States, preventing it from making filings or public statements regarding the settlement. As Plaintiff United States notes, Plaintiff Tudor has failed to offer any legal authority supporting her request for such a restriction and for this reason that request will be denied.

Defendants have also filed a Motion for Protective Order seeking an order from the Court prohibiting Plaintiff United States and/or Plaintiff Tudor from making any statement to members of the media regarding the settlement and/or its terms. As the basis for its request, Defendants argue that absent the requested protective order it is likely the jury pool will be irrevocably tainted by media coverage of the Plaintiff United States' resolution of the case.

Defendants' request will be denied. First, Defendants have failed to overcome the presumption attached to the openness of court filings. While in certain instances, parties may agree to a confidential settlement agreement, that is typically a matter of contract between the parties. As the parties here could not reach agreement on those terms, the general right of publicity attaching to court proceedings governs. Further, the Court finds that appropriate voir dire and instruction from the Court will eliminate any issues of bias or prejudice arising from pretrial coverage. Accordingly, Defendants' request for a protective order will be denied.

For the reasons set forth herein, the Stipulation and Joint Motion for Dismissal of Plaintiff United States' Complaint with Prejudice (Dkt. No. 164) is GRANTED IN PART. All claims brought by Plaintiff United States against Defendants are dismissed with prejudice. However, Plaintiff Tudor may offer as evidence in this case the expert opinions and reports of Drs. Parker and Brown. Defendants Southeastern Oklahoma State University and the Regional University System of Oklahoma's Motion for Entry of Protective Order (Dkt. No. 156) is DENIED. United States' Motion to Compel Production of ESI Withheld on the Basis of Privilege (Dkt. No. 146) and Defendants Southeastern Oklahoma State University and the Regional University System of Oklahoma's Motion to Partially Quash Plaintiff's Second Amended Notice of Oral Deposition Under Fed. R. Civ. P. 30(b)(6) (Dkt. No. 149) are STRICKEN AS MOOT.

IT IS SO ORDERED this 17th day of October, 2017.

ROBIN J. CAUTHRON
United States District Judge