IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**FILED**

NOV **2 0** 2017

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

| | | |
|---|---|---|
| RACHEL TUDOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-324-C |
| | ) | |
| SOUTHEASTERN | ) | |
| OKLAHOMA STATE | ) | |
| UNIVERSITY and THE | ) | |
| REGIONAL UNIVERSITY | ) | |
| SYSTEM OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

INSTRUCTIONS TO THE JURY

Instruction No. _____1_____

## OPENING

Members of the Jury, you have heard the evidence in this case and in a few minutes, you will hear the arguments of counsel. It is now the duty of the Court to instruct you as to the law applicable to this case. You will be provided a written copy of these instructions for your use during deliberations.

You are the judges of the facts, the weight of the evidence, and the credibility of the witnesses. The weight of the evidence is not determined by the number of witnesses testifying on either side. In determining weight or credibility, you may consider the interest, if any, that a witness may have in the result of the trial; the relation of the witness to the parties; the bias or prejudice if any has been apparent; the candor, fairness, intelligence, and demeanor of the witness; the ability of the witness to remember and relate past occurrences; the witness's means of observation and the opportunity of knowing the matters about which the witness has testified; the

2

inherent probability or improbability of the testimony; and the extent to which the witness has been supported or contradicted by other credible evidence.   From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge that you each possess in common with other persons, you will reach your conclusions.

The arguments and statements of the attorneys are not evidence. At times during trial, you saw lawyers make objections to questions asked by other lawyers, and to answers by witnesses.   This simply meant the lawyers were requesting that I make a decision on a particular rule of law.   Do not draw any conclusion from either the objections or my rulings.   These are only related to the legal questions that I had to determine and should not influence your thinking.   If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

It is my job to decide what rules of law apply to the case and all the applicable law is contained in these instructions.   You must not follow some and ignore others.   Even if you disagree or do not understand the reasons for some of the rules, you are bound to follow them.

4

Instruction No. _____2_____

## IMPEACHMENT – INCONSISTENT STATEMENTS OR CONDUCT

You should also ask yourself whether there was evidence that, at some other time, a witness did or said something or failed to do or say something, which was different from, or inconsistent with, the testimony the witness gave during the trial.   You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean the witness was not telling the truth, because people naturally tend to forget some things or remember other things inaccurately.   If a witness made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood, and the significance of that may depend on if it had to do with an important fact or with only an unimportant detail.

5

Instruction No. _____3_____

## BURDEN OF PROOF

The burden is upon Plaintiff in a civil action such as this to prove every essential element of her claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for Defendants.

To "establish by preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who

may have called them, and all exhibits received into evidence, regardless of who may have produced them.

Instruction No. ___4___

## PARTIES

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.  The fact that Plaintiff is an individual and Defendants are governmental entities should not influence your thinking, either for or against either party.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way.  When a governmental agency is involved, it may act only through people as its employees; and in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

8

Instruction No. _____

## OPINION EVIDENCE - EXPERT WITNESS

Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matters in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion and give it such weight as you think it deserves.   If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

Instruction No. _6_

## TITLE VII

Plaintiff's claim of discrimination based on gender is brought under a federal law known as Title VII of the Civil Rights Act of 1964, as amended, often called Title VII.

Title VII makes it an unlawful employment practice for an employer:

(1)   To discriminate against any individual with respect to the terms, conditions or privileges of employment because of such individual's gender;

(2)   To limit, segregate or classify employees in any way, which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee because of such individual's gender;

(3)   Title VII does not protect people because they are transgender. Thus, for Plaintiff to prevail, you must find any wrongful action occurred because of her gender or because of a perception that that person does not conform to a typical gender stereotype.

Plaintiff alleges multiple claims against Defendants.   Each of the claims and the evidence applicable to the claims should be

10

considered separately. A verdict for Plaintiff or Defendants as to each claim should likewise be considered separately. Some evidence may pertain to more than one claim. The fact that you may find in favor of a party on one claim should not control your verdict with reference to the other claims.

Instruction No. _____7_____

## TITLE VII – TENURE

Plaintiff claims that Defendants intentionally discriminated against her because of her gender during the 2009-10 application cycle for tenure and by denying her the opportunity to apply during 2010-11 tenure cycle.

Title VII prohibits an employer from intentionally discriminating against an employee by failing to promote her because of her gender.   In order to prevail on her claim, Plaintiff must establish, by a preponderance of the evidence, the following elements:

(1)   That Defendants denied Plaintiff tenure or the opportunity to re-apply for tenure;

(2)   Plaintiff's gender was a motivating factor for Defendants' actions; and

(3)   That Plaintiff suffered damages as a result of Defendants' unlawful discrimination.

/2

If Plaintiff fails to prove any of the above elements by a preponderance of the evidence, your verdict must be for Defendants and you need not proceed further in considering this claim.

Instruction No. _____8_____

## HOSTILE WORK ENVIRONMENT

Plaintiff claims that she was subject to a hostile work environment based upon her gender. Title VII makes it unlawful for an employee to be subject to a hostile or abusive work environment based upon the employee's gender. In order to prevail on her Title VII claim for hostile work environment based upon gender, Plaintiff must establish, by a preponderance of the evidence, the following essential elements:

(1) Plaintiff was subjected to conduct by workers or supervisors at Southeastern Oklahoma State University consisting of harassment, inappropriate comments or physical violence;

(2) such conduct was unwelcome;

(3) such conduct was based on Plaintiff's gender;

(4) such conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile or abusive;

14

(5)   at the time such conduct occurred and as a result of such conduct, Plaintiff believed her work environment to be hostile or abusive;

(6)   Defendants knew or should have known of the conduct;

(7)   Defendants failed to take prompt and appropriate corrective action to end the conduct; and,

(8)   Plaintiff suffered some injury or damage, even if merely nominal damage, as a result of Defendants' failure to take prompt and appropriate corrective action to end the conduct.

If Plaintiff has not proven any of the above essential elements by a preponderance of the evidence, your verdict must be for Defendants and you need not proceed further in considering Plaintiff's claim for hostile work environment.

15

Instruction No. ___9___

## HOSTILE WORK ENVIRONMENT
## TOTALITY OF CIRCUMSTANCES

In determining whether a reasonable person would find Plaintiff's work environment hostile or abusive, you must look at all of the circumstances. These circumstances may include the frequency of the conduct; its severity; its duration; whether it was physically threatening or humiliating, and whether it unreasonably interfered with Plaintiff's work performance.   Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, sporadic or occasional use of abusive language, gender or age related jokes and occasional teasing, does not constitute an abusive or hostile environment. You must consider all the circumstances and the context in which the conduct occurred. Only conduct amounting to a material change in the conditions of employment amounts to an abusive or hostile work environment.

16

Instruction No. _10_

## MOTIVATING FACTOR-DEFINED

Plaintiff is not required to prove that her gender was the sole or exclusive reason for Defendants' decisions.   Plaintiff must prove only that her gender was a motivating factor in defendants' decisions.

17

Instruction No. _11_

## DEFENDANTS' REASONS FOR EMPLOYMENT DECISIONS

Defendants assert there were legitimate, non-discriminatory reasons for not promoting Plaintiff. You are instructed that Defendants do not have any burden of proof with respect to the reasons for their actions. Thus, Plaintiff can prevail on her claim of gender discrimination only if she proves, by the greater weight of the evidence, that her gender was a motivating factor in Defendants' decisions to not promote her, in addition to, or instead of, any legitimate non-discriminatory reason or reasons.

It is not your role to second-guess Defendants' business judgment. Even if you were to decide that the failure to grant tenure was neither fair, nor wise, nor professionally handled, that would not be enough. In order to succeed on the discrimination claim, Plaintiff must persuade you by a preponderance of the evidence that were it

*18*

not for gender discrimination, she would have been granted tenure in 2009-10 or the opportunity to re-apply for tenure in 2010-11.

If you find that the stated reason or reasons given by the Defendants are inconsistent or implausible, or if you find that in the actions against Plaintiff, Defendants substantially deviated from their own practices or customs, then you may conclude that Defendants offered explanations are a mere pretext or sham or cover up for gender discrimination. If you find pretext, you may also infer that Plaintiff's gender was a motivating factor in Defendants' employment decision. However, you are not required to draw such an inference. If you find that Defendants' explanations are not a mere pretext, you must still consider whether Defendants' employment decisions were motivated by gender discrimination.

19

Instruction No. _12_

## RETALIATION

Plaintiff claims that Defendants retaliated against her by denying her the opportunity to apply for tenure during the 2010-11 tenure cycle because she complained of unlawful gender harassment in the workplace. Title VII prohibits an employer from retaliating against an employee for complaining of actions that violate Title VII.

In order to prevail on her Title VII claim for retaliation, Plaintiff must establish, by a preponderance of the evidence, the following elements:

(1)  Defendants were aware Plaintiff had engaged in "protected activity" prior to the deadline for her tenure application during the 2010-11 tenure cycle;

(2)  Defendants' prohibited Plaintiff from submitting a tenure application during the 2010-11 tenure cycle;

(3)  Defendants' actions occurred because Plaintiff engaged in "protected activity;" and,

(4)  Plaintiff suffered damage as a result of Defendants' actions.

20

Protected activity as used in this instruction means a plaintiff made complaints to a defendant about the alleged gender discrimination. Alternatively, a plaintiff engages in protected activity when he or she makes complaints about discrimination to an enforcement body such as the Equal Employment Opportunity Commission and a defendant is aware of those complaints.

If Plaintiff has failed to prove any of the above elements by a preponderance of the evidence, your verdict must be for Defendants and you need not proceed further in considering this claim.

21

Instruction No. _13_

## DAMAGES

If you find that Plaintiff has established all of the elements of any of her claims, then you must determine the damages, if any, to which she is entitled.   The fact that I instruct you on damages should not be taken by you as indicating one way or another whether Plaintiff is entitled to recover anything.   This is entirely for you to decide. Damages must be reasonable and not speculative.   You may award only such amount of damages as will reasonably and fairly compensate Plaintiff for any injury or loss that is legally compensable.

If you should find that Plaintiff is entitled to an award of damages on one or more of her Title VII claims, you may award her only such damages as you find will reasonably compensate her for the losses and injuries which you find, that she sustained as a result

22

of Defendants' unlawful conduct. You may not award damages on Plaintiff's separate claims in a manner, which results in a double or multiple recovery for the same harm.   Any award must fairly compensate Plaintiff for her losses and injuries, but must have a basis in the evidence and be reasonable in light of that evidence.

23

Instruction No. _14_

## TYPES OF DAMAGES

If you find that Plaintiff is entitled to damages, the following categories should be considered in determining the amount that will reasonably and fairly compensate Plaintiff for her injury or loss.

Back pay damages are to compensate Plaintiff for the economic injuries or losses she sustained as a result of Defendants' illegal discrimination or retaliation.   You are provided a separate instruction providing you with the items that may be considered as a part of any damages awarded for back pay.

You may also award damages for any physical or mental distress or anguish that Plaintiff suffered as a result of Defendants' wrongful conduct.   In evaluating the physical or mental distress of Plaintiff, if any, you may consider any mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, damage to

24

professional reputation, or other non-pecuniary losses, which you find Plaintiff experienced as a result of Defendants' unlawful conduct.

Conduct by Defendants that does not cause harm does not entitle Plaintiff to damages.   By the same token, harm to Plaintiff which is not the result of unlawful conduct by Defendants does not entitle Plaintiff to damages.

You have heard argument that Plaintiff also seeks reinstatement to employment with Defendants. You are instructed that issues of reinstatement are for the Court and you should not consider that issue during your deliberations.

Instruction No. _15_

## BACK PAY DAMAGES

Back pay damages may be awarded to compensate for the economic injuries or losses sustained as a result of Defendants' unlawful conduct.   You may consider the earnings to which Plaintiff proves she would have been entitled if her employment had not ended, measured from the time her employment with Defendants ended in May of 2011, until she began employment with Collin College in September of 2012.   These damages are intended to put Plaintiff in the economic position she would have been if her employment with Defendants had not ended.

Instruction No. __16__

## NOMINAL DAMAGES

If you find that Plaintiff was retaliated against, but did not suffer any actual injuries or losses, you must award "nominal damages" in the amount of one dollar ($1.00).   You may not award nominal damages and back pay, emotional distress or other compensatory damages.

27

Instruction No. _17_

## CLOSING

When you retire to the jury room to deliberate, you should elect one person as your presiding juror. That person will preside over your deliberations and speak for you with the Court.

You will then discuss the case with your fellow jurors to reach agreement, if you can do so. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict

should be - that is entirely for you to decide.   You must not use any method of chance in arriving at your verdict, nor let sympathy or prejudice affect the outcome.

A verdict form will be sent to the jury room with you, along with these written instructions of the Court and the exhibits admitted into evidence during the trial.   I suggest you study the verdict form early in your deliberations so you know what you must decide.   The verdict must be unanimous; that is, all of you must agree on a verdict, and when you do, the presiding juror will sign the verdict.   Notify the bailiff when you have arrived at a verdict so that you may return it to open court.

In a few moments, you will go with the bailiff to the jury room to begin your deliberations.   If any of you have cell phones or similar devices with you, you are instructed to be sure they are turned off and then turn them over to the bailiff as you enter the jury deliberation

room.   They will be held by the bailiff for you and returned to you after your deliberations are completed and during any lunch break or similar period when you are not deliberating.   The purpose of this requirement is to avoid any interruption or distraction during your deliberations and to avoid any question of outside contact with the jury during your deliberations.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff signed by your presiding juror.   In the message, do not tell me how you stand on your verdict.   No member of the jury should ever attempt to communicate with me except by a signed writing.   You will note from the oath about to be taken by the bailiff that during the course of your deliberations, the bailiff, as well as other persons, is forbidden

30

to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.


ROBIN J. CAUTHRON
UNITED STATES DISTRICT JUDGE