IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. RACHEL TUDOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-324-C |
| | ) |
| SOUTHEASTERN OKLAHOMA | ) |
| STATE UNIVERSITY and | ) |
| THE REGIONAL UNIVERSITY | ) |
| SYSTEM OF OKLAHOMA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought the present action asserting that Defendants violated Title VII during the course of her employment as an associate professor at Southeastern Oklahoma State University ("Southeastern"). The matter was tried to a jury, which found in favor of Plaintiff. Plaintiff filed a post-trial motion requesting reinstatement. The Court denied that request, finding that the relationship between the parties was so fractured as to make reinstatement infeasible. Plaintiff then filed a motion to reconsider, re-urging many of the same arguments raised in her original motion. The Court denied that request as well. Plaintiff has now filed yet another motion requesting reconsideration of the Court's denial of her request for reinstatement. Plaintiff has also filed several motions to supplement her request. Finally, Plaintiff requests in the event reinstatement is denied that she be awarded front pay.

Defendants object to each of Plaintiff's requests and argue that none of the evidence presented by Plaintiff provides a basis to alter the Court's previous determination that reinstatement is infeasible and that Plaintiff's request for back pay is extreme.

The primary basis for Plaintiff's latest request for reconsideration of the Court's denial of reinstatement is that she has been invited to speak at Southeastern. Plaintiff argues this clearly demonstrates that the relationship between her and the university is not as fractured as found by the Court. Plaintiff's argument lacks any merit. As Defendants note, the evidence makes clear that the invitation to speak did not come from the university, but from an independent entity which was using Southeastern's facilities to present its seminar. Nothing about that event offers any evidence about the relationship between Plaintiff and Southeastern. Plaintiff again cites an affidavit from an employee at Southeastern and reiterates her same arguments about the feasibility of reinstatement. Each of these arguments, and the testimony of the witness, has been thoroughly considered and rejected by the Court on numerous occasions. Plaintiff's request for reinstatement is denied.

Plaintiff argues, in the event she is denied reinstatement, that she be awarded front pay in the sum of $2,032,789.51. While the Court finds that some award of front pay is appropriate, Plaintiff's request stretches the bounds of reasonableness beyond recognition. Plaintiff's request is premised on unrealistic and unsupportable assertions about potential future performance at Southeastern had she remained there. Indeed, much of the evidence Plaintiff relies upon to increase the amount of "lost wages" is directly contrary to the actual

2

evidence of her previous work while employed at Southeastern. Regardless, Plaintiff's request for a multi-million dollar award of front pay fails for a more fundamental reason.

The Tenth Circuit has set forth the factors to be considered in determining when and how much front pay should be awarded. Whittington v. Nordam Grp. Inc., 429 F.3d 986, 1002, 1001 (10th Cir. 2005). These factors are (1) work life expectancy, (2) salary and benefits at the time of termination, (3) any potential increase in salary through regular promotions and cost of living adjustment, (4) the reasonable availability of other work opportunities, (5) the period within which the plaintiff may become re-employed with reasonable efforts, and (6) methods to discount any award to net present value. In this instance, the Court finds that items (4) and (5) dictate the proper determination of the amount of front pay to be awarded to Plaintiff. In her Motion, Plaintiff argues that she should be awarded front pay until age 75, essentially asserting that because of Southeastern's actions she will be unemployable for the remainder of her work life. The evidence before the Court simply does not support this assertion. Following her separation from Southeastern, Plaintiff gained employment teaching at a different college. Her pay at that college exceeded what she had made at Southeastern. Plaintiff's employment at Collin College ended based upon that entity's determination that her teaching skills were inadequate. There is no suggestion or any evidence from which the Court could determine that the discrimination at Southeastern, as found by the jury, ultimately led to or even played a role in Collin College's determination to terminate Plaintiff. Rather, that entity determined, based on her performance there, that her teaching did not meet its requirements.

The Tenth Circuit has made clear that front pay must be calculated by "tak[ing] into account any amount that the plaintiff could earn using reasonable efforts." Carter v. Sedgwick Cnty., Kan., 929 F.2d 1501, 1505 (10th Cir. 1991). Because Plaintiff gained similar employment at Collin County, any front pay to which Plaintiff is entitled must end with the beginning of her employment there. Plaintiff argues that the Defendants' reliance upon the Collin College employment is after-acquired evidence and they should be prohibited from relying upon it because Defendants stipulated they would not rely on after-acquired evidence. Plaintiff misunderstands the doctrine of after-acquired evidence. As Defendants explain in their brief, after-acquired evidence is a doctrine that provides an employer with a basis to terminate an employee based on information learned after the termination. That is simply not the case with the Collin College employment. It is not after-acquired evidence, it is evidence of Plaintiff's mitigation of damages and evidence related to her employability following her separation from Southeastern. Nothing in Defendants' agreement not to rely on after-acquired evidence prohibits the Court from considering that information.

Plaintiff ended her employment with Southeastern in May of 2011. She then began employment with Collin College in August of 2012. Thus, she is entitled to front pay for the 14 months between those jobs. Plaintiff has provided a pay analysis in her Motion which provides information regarding her base salary, retirement benefits, and any additional income she may have received for teaching. (See Dkt. No. 279, Ex. 8.) Defendants do not object to the specifics of this document, not have they provided any evidence as to Plaintiff's pay during her tenure at Southeastern. Accordingly, the Court

will use the pay information provided in Scenario 4 as that which most closely resembles Plaintiff's typical teaching while at Southeastern. That document sets Plaintiff's compensation at $51,463.52 per year. Dividing that by 12 renders a monthly salary of $4,288.63. Multiplying that by the 14 months between the end of her employment at Southeastern and the beginning of her employment at Collin College results in compensation of $60,040.77. The Court finds this amount adequately represents the amount of front pay to which Plaintiff is entitled and judgment will be entered in her favor in that amount.

For the reasons set forth more fully herein, Plaintiff Dr. Rachel Tudor's Motion in Support of Reconsideration of Reinstatement or, Alternatively, for Front Pay (Dkt. No. 279) is GRANTED in part and DENIED in part. Plaintiff's request for reinstatement is DENIED; Plaintiff's request for front pay is GRANTED in the amount of $60,040.77. Plaintiff's Motions to Supplement (Dkt. Nos. 280, 281, and 282) are STRICKEN as moot. The Court considered the evidence presented in those Motions but found it does not warrant any alteration of her request for reinstatement. A separate Judgment will issue.

IT IS SO ORDERED this 13th day of April, 2018.

ROBIN J. CAUTHRON
United States District Judge

5