IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. RACHEL TUDOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-324-C |
| | ) |
| SOUTHEASTERN OKLAHOMA | ) |
| STATE UNIVERSITY and | ) |
| THE REGIONAL UNIVERSITY | ) |
| SYSTEM OF OKLAHOMA, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff brought the present action asserting that Defendants violated Title VII during the course of her employment as an associate professor at Southeastern Oklahoma State University ("Southeastern"). The matter was tried to a jury, which found in favor of Plaintiff. Plaintiff filed a post-trial motion requesting reinstatement. The Court denied that request, finding that the relationship between the parties was so fractured as to make reinstatement infeasible. Plaintiff then requested the Court to award front pay damages. The Court agreed an award of front pay was appropriate and calculated an appropriate amount. The Court then directed the parties to address any alteration that should be made to the jury's determination of damages prior to entry of judgment. In response to that Order, Plaintiff has filed a Motion to Reconsider the calculation of front pay. Defendants have filed a Motion requesting the Court to apply the statutory cap on damages, found at 42 U.S.C. § 1981a, to the jury's verdict. With these filings, the time has come to finalize the matters in this case and enter judgment.

Initially, the Court will address the issues raised by Plaintiff in her request for reconsideration. Plaintiff argues the Court improperly calculated front pay by awarding lost wages for the period between the end of her employment with Defendant and the start of her employment with Collin College. Perhaps the Court's language was not as clear as it could have been. But the Court is aware that front pay is an award for future damages, not compensation for the period between the end of employment and the trial. However, as the Court noted in its Order, the 4th and 5th factors outlined by the Tenth Circuit in Whittington v. Nordam Group, Inc., 429 F.3d 986, 1002, 1001 (10th Cir. 2005), are determinative in this case. Those factors direct the Court to consider the reasonable availability of other work opportunities and the period within which the Plaintiff may become re-employed with reasonable efforts. The Court's determination was that Plaintiff's subsequent employment at Collin College provided a clear factual basis to answer those two questions. Thus, a 14-month time period of front pay represented a reasonable period to make Plaintiff whole. See Carter v. Sedgewick County, Kan., 929 F.2d 1501, 1505 (10th Cir. 1991). Contrary to Plaintiff's current arguments, the Court relied on her subsequent employment at Collin College solely to provide a bright line point at which the Court finds the effects of Defendant's discriminatory acts ended. Because those effects ended at that point, any future economic loss was the result of something other than Defendants' wrongful conduct. For these reasons, Plaintiff's arguments regarding the purported inconsistency of the use of the Collin College information and the decision that Defendants could not rely on after-acquired evidence is without merit.

Plaintiff also argues that the Court miscalculated the amount of damages that should have been awarded. According to Plaintiff, the amount listed on Dkt. No. 279, Ex. 8 reflected only a partial year salary. However, Plaintiff's affidavit stated: "During the last year of my employment at Southeastern, I was paid approximately $51,279 in salary." (Dkt. No. 279, Ex. 3, ¶ 6.) The Court elected to use the slightly higher salary listed on Ex. 8 given Plaintiff's use of the term "approximately." Thus, the evidence presented to the Court does not support Plaintiff's current argument.

Finally, Plaintiff misstates the Court's determination regarding Plaintiff's qualification to teach. The Court found that reinstating Plaintiff at Southeastern was not feasible because of ongoing hostility between the parties. One example of that ongoing hostility was evidenced by Defendants' argument that Plaintiff was not qualified to be a tenured professor. The Court's decision on that issue was limited to recognizing that placing Plaintiff back into that environment would likely foster future conflict between the parties and that fact supported the Court's determination that reinstatement was not feasible. The Court's rulings are not irreconcilable.

For the reasons outlined herein, Plaintiff's request for reconsideration will be denied.

Defendants request the jury award be capped at $300,000 pursuant to 42 U.S.C. § 1981a. Plaintiff raises several arguments, none of which merit much discussion. First, it is clear from not only Defendants' filings in this matter but the statements of Plaintiff's counsel that there was no question about Defendants' intent to raise the statutory cap. Thus, Plaintiff's arguments of waiver are without merit. As for Plaintiff's argument related to

the general nature of the verdict form, the Court finds that position disingenuous. Plaintiff also agreed to the form of verdict as it was submitted to the jury. Thus, those grounds raised by Plaintiff to not apply the cap are rejected by the Court.

The parties agree that the cap applies to compensatory damages but not to back pay. Defendants argue the jury could not have intended its verdict to include back pay damages because there was no evidence to support such an award. Alternatively, Defendants argue that in the event some back pay is awarded it must be limited to the period between the end of Plaintiff's employment with Defendant and the start of her employment at Collin College. Defendants assert that if the Court determines a back pay award is warranted, the amount is properly reflected by the Court's previous calculation of wages lost during this period.

Plaintiff argues any application of the cap will result in a Seventh Amendment violation because the jury rendered a general verdict. On this point, Plaintiff is mistaken. Statutory damage caps do not violate the Seventh Amendment as they are not a reexamination of the verdict but implementation of legislative policy about the amount of damages that should be recoverable. Estate of Sisk v. Manzanares, 270 F.Supp. 2d 1265, 1278 (D. Kan. 2003) (gathering cases at note 45). Here, the evidence before the jury related to damages that are not subject to the statutory cap was very limited. At most, the jury could have awarded some measure of back pay damages. The remaining evidence presented on the issue of damages sought recovery for items subject to the cap. While the Court is not persuaded that the jury had sufficient evidence from which to award back pay damages, that doubt is not sufficient to set aside the verdict on that issue. Accordingly, the

Court will award Plaintiff $60,040.77 in back pay, apply the cap to the remainder of the verdict, resulting in an award of $360,040.77. Defendants' arguments for further reduction are rejected, as they lack sufficient evidentiary or legal support.

For the reasons set forth more fully herein, Plaintiff Dr. Rachel Tudor's Motion Seeking Reconsideration of Front Pay (Dkt. No. 288) is DENIED. Defendants' request for application of the 42 U.S.C. § 1981a cap is granted. Plaintiff is awarded $360,040.77 in back pay and compensatory damages and $60,040.77 in front pay. A separate Judgment will issue.

IT IS SO ORDERED this 6th day of June, 2018.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge