FILED
United States Court of Appeals
Tenth Circuit

August 7, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

DR. RACHEL TUDOR,

    Plaintiff - Appellant,

and

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SOUTHEASTERN OKLAHOMA STATE UNIVERSITY, et al.,

    Defendants - Appellees.

No. 18-6102
(D.C. No. 5:15-CV-00324-C)
(W.D. Okla.)

_____

**ORDER**
_____

Before **MATHESON** and **PHILLIPS**, Circuit Judges.
_____

On July 18, 2018, the court abated this appeal pending the district court's disposition of two post-judgment motions filed by the parties within the 28-day period set forth in Federal Rule of Civil Procedure 59—Appellant's Rule 59(e) motion for prejudgment interest, post-judgment interest, and a tax penalty offset (Doc. No. 311), and Appellee's Rule 59 motion for judgment as a matter of law or, in the alternative, a new trial (Doc. No. 316). This matter is before us on

Appellant's *Motion to Vacate Abatement Order* and Appellee's response in opposition to the motion.

Federal Rule of Appellate Procedure 4(a)(4)(A) provides that certain motions under the Federal Rules of Civil Procedure suspend the time to appeal if "filed within the time <u>allowed by those rules</u>." (Emphasis added). Pursuant to Rule 4(a)(4)(B), a notice of appeal filed before the disposition of any motion listed in Rule 4(a)(4)(A) does not become effective until the district court disposes of all such motions.

Appellant argues that neither of the motions cited in this court's abatement order requires the abatement of this appeal. First, she contends that she has withdrawn her Rule 59(e) motion for prejudgment interest via the filing of an amended Rule 59(e) motion (Doc. No. 314) wherein she only requests post-judgment interest and a tax penalty offset and asks the district court to strike her first motion for prejudgment interest. Second, Appellant argues that Appellee's Rule 59 motion does not suspend this appeal because it was not timely filed by December 11, 2017, the deadline set by the district court.

Although Appellant has asked the district court to strike her first Rule 59(e) motion, the district court has not yet ruled on that request, so it is not clear that the motion has been withdrawn. Moreover, Appellant's amended Rule 59(e) motion was also filed within the 28-day period set forth in Rule 59. Appellant contends that her amended motion requests conditional relief that cannot be adjudicated until after this court decides this appeal, but she has provided no

2

legal authority for this contention, and it is not clear that is the case. *See E.E.O.C. v. Beverage Distributors Co., LLC*, 780 F.3d 1018, 1023 (10th Cir. 2015) (deciding tax offset issue before appeal was decided). In addition, this court has discretion to abate for prudential and efficiency reasons, including avoidance of piecemeal appeals. Finally, while Appellee did not file its motion to alter or amend the judgment until July 5, 2018, it was filed within the 28-day period set forth in Federal Rule of Civil Procedure 59. As a result, regardless of any deadline set by the district court, pursuant to Fed. R. App. P. 4(a)(4), the notice of appeal is not yet effective to confer jurisdiction on this court.

Our determination that this appeal must be abated pursuant to Fed. R. App. P. 4(a)(4), has no bearing on whether Appellee's motion was timely filed in accordance with any order issued by the district court. Nothing in this abatement precludes the district court from conducting its own assessment of the timeliness of Appellee's motion.

Appellant's *Motion to Vacate Abatement Order* is denied. The abatement of this appeal shall continue. In accordance with the order of July 18, 2018, no later

than September 4, 2018, Appellant shall file a written report regarding the status of all three post-judgment motions (Doc. Nos. 311, 314, 316).

        Entered for the Court
        ELISABETH A. SHUMAKER, Clerk

        by: Jane K. Castro
           Counsel to the Clerk