IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DR. RACHEL TUDOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:15-CV-00324-C |
| | ) | |
| SOUTHEASTERN OKLAHOMA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE REGIONAL UNIVERSITY | ) | |
| SYSTEM OF OKLAHOMA, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION OF
## MR. EZRA YOUNG AND MS. BRITTANY NOVOTNY
## TO WITHDRAW AS COUNSEL FOR
## <u>PLAINTIFF DR. RACHEL TUDOR</u>

Mr. Young and Ms. Novotny jointly request permission of the Court to withdraw as counsel for Dr. Tudor. However, we ask that we be permitted to participate in any further proceedings regarding attorneys' fees so that we may be compensated for our work.

## BACKGROUND

This is a Title VII sex discrimination case involving Dr. Rachel Tudor, a transgender woman, and a public college and its governing board. The undersigned have served as Dr. Tudor's counsel since late 2014.

In November 2017, a jury of Dr. Tudor's peers returned a verdict in her favor on two counts of sex discrimination and one count of retaliation and awarded damages of $1,165,000. The District Court later remitted the jury's award and denied Dr. Tudor reinstatement. Final judgment in the amount of $420,081.54 was entered. *See* ECF No. 293. Costs have been taxed in the amount of $11,117.94. *See* ECF No. 339. There are also timely filed petitions for attorneys' fees, including those filed by the undersigned (ECF No. 303), that have yet to be resolved. This matter is currently on direct and cross appeal before the U.S. Court of Appeals for the Tenth Circuit.

Over the course of the last year Dr. Tudor's relationship with the undersigned has substantially deteriorated. In Summer 2019, the undersigned notified Dr. Tudor of their desire to withdraw as counsel in

this matter due to a total breakdown in the attorney-client relationship. At that time, Dr. Tudor was advised to retain new counsel.

On January 13, 2020, Mr. Young received a communication from Dr. Tudor that claimed Jillian Weiss and Jerry Colclazier would serve as her new counsel and attached forms which she instructed Young and Novotny to sign and return to her directly. Later that day, after reviewing the forms, which contained odd errors and otherwise appeared to be procedurally infirm, the undersigned reached out to Weiss and Colclazier to confirm the change in representation and to advise they would submit alternative, corrected withdrawal forms which they agreed to first run by new counsel.

On January 14, 2020, the undersigned emailed Weiss and Colclazier draft withdrawal motions. In turn, Weiss and Colclazier directed the undersigned to make edits to the same and asked questions about the motions' substance. The requested edits were agreed to and substantive responses provided.

On January 15, 2020, the undersigned checked in via email with Weiss and Colclazier to confirm the substance of the draft withdrawal motions were otherwise agreeable. Separately, Weiss and Colclazier

accused the undersigned of violating unspecified ethics rules if the undersigned filed any motions to withdraw and declined to sign the error-ridden filings supplied by Weiss and Colclazier vis-à-vis Dr. Tudor. The undersigned sought clarification from Weiss and Colclazier, renewed their concerns that the provided forms contained errors and appeared procedurally infirm, and asked for clarification about new counsel's position but received no response.

Hours later, Weiss and Colclazier filed notices of appearance in the Tenth Circuit and shortly thereafter, Weiss filed a "Motion for Substitution of Counsel" that falsely indicated the undersigned opposed its filing. Shortly thereafter, the undersigned contacted Weiss and Colclazier via email to ask that the Motion be corrected so that representations made about the undersigned's position were accurately communicated to the Tenth Circuit. In response, Weiss insisted she would not correct the Motion and directed the undersigned that they were barred from seeking to correct the record let alone filing motions to withdraw, baselessly accused the undersigned of desiring to make "disparaging or defamatory" statements about Dr. Tudor, and that, on Tudor's behalf, Weiss was prepared to take steps to protect Tudor from

"your harmful actions." Shortly thereafter, the undersigned filed a Response in the Tenth Circuit correcting the record and expressing their non-opposition to withdrawing as counsel.

In spite of Weiss and Colclazier's behavior, the undersigned have taken all reasonable steps to expediently execute a change in Dr. Tudor's representation. Among other things, we have outlined a plan to transfer physical and electronic files and begun that process, notified all parties and participants in these proceedings of our intent to withdraw, and reminded them of our attorneys' liens.

## ARGUMENT

This Court has wide discretion in ruling on counsels' motions to withdraw. *See, e.g.*, *Abell v. Babbitt*, No. 98-2315, 1999 WL 215403, *2 (10th Cir. April 14, 1999) (unpublished).

We seek withdrawal for good cause due to a complete breakdown in our attorney-client relationships with Dr. Tudor. In good faith, we believe in our collective experience exceeding 20 years of practice that withdrawal is ultimately in Dr. Tudor's best interest as it will prevent any compromise in representation given a breakdown in communication between her and the undersigned.

In determining whether there is good cause supporting withdrawal, courts look to guidance from state professional rules of conduct and the Model Rules of Professional Conduct. *See, e.g.*, *Hakim v. Leonhardt*, 126 Fed.Appx. 25, 26 (2d Cir. 2005).

Given the total deterioration of communication with Dr. Tudor, we believe it unethical for us to continue to serve as counsel and, as a result, our Joint Motion should be granted. The rules governing our profession behoove us to take reasonable steps to keep channels of communication open with our client. *See* ABA Model Rule 1.4; Okla. R. Prof. Conduct 1.4 (similar); N.Y. R. Prof. Resp. 1.4 (similar). Nonetheless, where meaningful communication between attorney and client becomes impossible such that the attorneys can no longer effectively exercise their duties, the representation should come to an end. *See, e.g.*, *Fischer v. Biman Bangladesh Airlines*, No. 96-cv-3120, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

Further, it is well established that where an attorney-client relationship becomes acrimonious, it is proper, if not incumbent upon

counsel, to withdraw to prevent disputes between attorney and client from erupting such that the client becomes fixated on disputes with counsel rather than the merits litigation itself. *Cf. Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) ("a complete breakdown in communication between an attorney and client may give rise to a presumption of ineffectiveness) (cleaned up).

We take our duties to keep channels of communication open and healthy very seriously. We also recognize that we are obliged to endeavor to repair channels of communication where possible. However, for a protracted period of time Dr. Tudor has been unable to rectify serious communication issues and this problem has only escalated over time. Given our efforts to date we sincerely believe any further attempts on our part to redress communication problems will be futile if not further escalate tensions.

The current posture of this case favors granting our Joint Motion. There are no upcoming deadlines in this matter until after the resolution of Dr. Tudor's merits appeals in the Tenth Circuit. Thereafter, this Court will address outstanding petitions for attorneys' fees and an outstanding discovery request related thereto. *See* ECF. No. 345.

Pursuant to Local Rule 83.5, we certify that we have notified Dr. Tudor and all parties who have appeared in this action including those that have filed petitions for fees and costs of this Motion.

Lastly, we have advised Dr. Tudor's new counsel as well as Defendants of the undersigned's attorneys' lien against this case. It is our understanding that our liens are governed by Oklahoma statute. *See Abrams v. Southeastern Municipal Bonds, Inc.*, 138 Fed.Appx. 88, 98 n.5 (10th Cir. 2005) ("It is well established that state law applies to this issue."); 5 Ok. Stat. §5-6. We further understand that our liens are not extinguished by our withdrawal.

Given the foregoing, we request that the Court permit our withdrawal as counsel for Dr. Tudor but continue to permit us to participate in any further proceedings regarding attorneys' fees.

## CONCLUSION

Unfortunately, we find our relationships with Dr. Tudor no longer viable and, most certainly, no longer advantageous for her given our irreconcilable differences. Our request, in no way, should be understood as speaking to the merits of this case. We urge this Court to do justice by Dr. Tudor when the time comes. Nonetheless, for reasons entirely

distinguishable from the merits of this case, we respectfully ask that we be permitted to withdraw as counsel and continue to be permitted to participate in any further proceedings regarding attorneys' fees.

Dated:       January 16, 2020

Respectfully submitted,

/s/ Ezra Young
EZRA ISHMAEL YOUNG
LAW OFFICE OF EZRA YOUNG
30 Devoe Street #1A
Brooklyn, NY 11211
(949) 291-3185
ezra@ezrayoung.com


/s/ Brittany M. Novotny
BRITTANY M. NOVOTNY
NATIONAL LITIGATION LAW GROUP,
PLLC
2401 NW 23rd St., Ste. 42
Oklahoma City, OK 73107
(405) 896-7805
bnovotny@nationlit.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 16, 2020, I electronically filed a copy of the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically serve all counsel of record.

<u>/s/ Ezra Young</u>
Ezra Young (NY Bar No. 5283114)