IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. RACHEL TUDOR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:15-CV-00324-C |
| SOUTHEASTERN OKLAHOMA STATE UNIVERSITY, | ) |
| and | ) |
| THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA, | ) |
| Defendants. | ) |

## PLAINTIFF DR. RACHEL TUDOR'S RENEWED MOTION FOR POST-JUDGMENT INTEREST AND TAX OFFSET

On October 5, 2020, the mandate of the Tenth Circuit was issued, putting its September 13, 2020 Order into effect and marking the end of the appellate process. [ECF 365]. As directed by the Court [ECF 340], Plaintiff hereby renews her motion for post-judgment interest and tax offset. As the Court has also ordered that Plaintiff's motion for the setting of front pay in accordance with the Tenth Circuit's order is due on November 2, 2021 [ECF 366], this motion may be premature.

The Court awarded Plaintiff damages in the amount of $420,081.54. Pursuant to Fed. R. Civ. P. 59(e), Dr. Tudor respectfully moves this Court to, at an

appropriate time, conform its judgment to include post-judgment interest and a tax offset.

## BACKGROUND

The jury awarded Dr. Tudor damages totaling $1,165,000 (ECF No. 262), compensating her for injuries due to Defendants' discrimination in the 2009–10 and 2010–11 tenure process and retaliation in the 2010–11 tenure process. After post-trial motions related to the damages, this Court remitted the jury's award from $1,165,000 to $360,040.77—labeling $300,000 as compensatory damages and labeling $60,040.77 as backpay (ECF No. 292 at 5). In addition to the remitted jury's award, the Court awarded Tudor front pay in the amount of $60,040.77, entering final judgment in the amount of $420,081.45 on June 6, 2018 (ECF No. 293).

Dr. Tudor filed a timely Notice of Appeal to the United States Court of Appeals for the Tenth Circuit on June 6, 2018, seeking review of this Court's orders, including those remitting the jury's award and granting limited front pay and denying reinstatement (ECF No. 294). Dr. Tudor prevailed on the issue of appropriate front pay before the Tenth Circuit. This Court has ordered Plaintiff's motion on that element of damages to be made by November 2, 2021. [ECF 340].

I.   POST-JUDGMENT INTEREST

Post-judgment interest should be awarded to Tudor pursuant to 28 U.S.C. §1961, which states that "[i]nterest shall be allowed on any money judgment

2

in a civil case recovered in a district court." Additionally, "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." See 28 U.S.C. §1961. Said rate was 2.28% on June 1, 2018, the calendar week preceding the entry of judgment. See https://www.federalreserve.gov/datadownload (Selected Interest Rates).

"Interest after entry of judgment is addressed through post-judgment interest, which accrues on the amount of a damage award, including prejudgment interest, from the date judgment was entered to the date of payment." See *Reed v. Mineta*, 438 F.3d 1063, 1067 (10th Cir. 2006). Thus, the Court should award prejudgment interest by determining the amount that Dr. Tudor would have been paid bi-weekly, and applying the interest rate through the date of judgment for each payment. *Id*. at n. 4. As suggested in *Reed*, this can be done by use of a computerized spreadsheet. Then, the Court should award post-judgment interest using this formula: (total damages + pre-judgment interest) x (interest rate/ 365 days) x days since judgment was entered.

II. TAX PENALTY OFFSET

As discussed previously, this Court has broad discretion in ensuring Dr.Tudor is made whole, and another way the Court can ensure that is to award a tax penalty offset, "which compensates victims for additional tax liabilities they would incur as

3

a result of a lump-sum payment." See *EEOC v. Beverage Distributors Co.*, LLC, 780 F.3d 1018, 1023 (10th Cir. 2015).

Here, the taxes on the damages awarded, will be paid during one tax year, which will cause Dr. Tudor to be in a higher tax bracket for the year in which she receives the award, and thereby penalized by paying a higher tax rate. Accordingly, Dr. Tudor respectfully requests the Court award an additional amount to offset the penalties Dr. Tudor will have to pay in federal and state income taxes.

Upon payment of the judgment, Tudor will pay taxes on any damages labeled as back pay, front pay, and post-judgment interest in a single tax year. But for Defendants' illicit conduct, she would have been able to spread this over multiple years.

The Court should apply the following formula to ascertain the appropriate tax offset in this matter: total amount Tudor would owe on taxable portions of the final award less the amount Tudor would have owed in income taxes based on projected earnings at Southeastern if she had not been terminated in that same taxable year. Since Dr. Tudor's appeal has been resolved by the Tenth Circuit in calendar year 2021, then the federal rates in IRS Notice 15T should be used (see Exhibit 1).[1]

## CONCLUSION

For all of the foregoing reasons, Dr. Tudor respectfully requests the Court, at an appropriate time, award pre-judgment interest on the payments that would have

---

[1] Dr. Tudor is currently a resident of the State of Texas, which does not tax income.

been made to her, and that post-judgment interest be entered at a rate of 2.28%, accruing on the judgment amount awarded from the date of entry of judgment. Additionally, Tudor requests that the Court award a tax penalty offset in an appropriate amount. At an appropriate time, Tudor will move this Court to conform the final judgment in this matter (ECF No. 293) to include the appropriate amounts of post-judgment interest and tax offset.

Dated:	October 18, 2021

/s/ Jillian T. Weiss
Jillian T. Weiss
Pro Hac Vice
775 Fourth Avenue, No. 320173
Brooklyn, NY 11232
845-709-3237
845-684-0160
jweiss@jtweisslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, I electronically filed a copy of the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically serve all counsel of record.

/s/ Jillian T. Weiss