IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DR. RACHEL TUDOR, )
)
    Plaintiff, )
v. ) Case No. 5:15-CV-00324-C
)
SOUTHEASTERN OKLAHOMA )
STATE UNIVERSITY, )
)
and )
)
THE REGIONAL UNIVERSITY )
SYSTEM OF OKLAHOMA, )
)
    Defendants. )

## PLAINTIFF DR. RACHEL TUDOR'S SURREPLY TO THE REPLY OF EZRA YOUNG AND BRITTANY NOVOTNY FOR FEES AND COSTS

As authorized by ECF 378, Plaintiff submits this four page surreply regarding 1) the right of Mr. Young and Ms. Novotny to assert the provisions of a retainer agreement purporting to give them the unrestricted right to any and all attorney fees, and 2) the right of Mr. Young and Ms. Novotny to file self-serving emails they sent to Dr. Tudor questioning her mental condition.

The retainer agreement [ECF 375-1] states that Mr. Young's firm can apply for fees, but it explicitly states these amounts are among those "any other amounts I [Dr. Tudor] may be entitled to." *Id.* ¶ 13. Later in the document, however, it specifies that the agreement is different if Mr. Young is discharged, requiring Dr. Tudor only "to include the firm's services in any fee application to applicable tribunals or courts." *Id.* ¶ 24. Thus, the document recognizes that Dr. Tudor has the right to file the fee application for discharged

counsel. The cases cited by Mr. Young also refer only to current counsel, and do not address discharged former counsel. Reply at 3. This distinction is also recognized by Oklahoma law, which governs construction of this contract. An attorney has power to receive money claimed by the client during the pendency of an action, or afterwards, "unless he has been previously discharged by his client." Okla. Stat. Ann. tit. 5, § 4 (West).

That Dr. Tudor has the right to control the fee applications in this case is confirmed by the U.S. Supreme Court, which has explicitly stated that a client has the power to waive fees under fee shifting statutes. *Evans v. Jeff D.*, 475 U.S. 717, 730–31 (1986). The Supreme Court has also stated that "[i]deally, ... litigants will settle the amount of a fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801–02 (2002). The Tenth Circuit has cited these cases to hold that a discharged attorney may not intervene to collect an attorney fee. *Keesee v. Orr*, 816 F.2d 545, 547–48 (10th Cir. 1987). The Tenth Circuit specifically cited as a consideration that "[t]he attorney was seeking only to advance his own interests. His client's interests were no longer a consideration." Given the disparaging statements made by Mr. Young and Ms. Novotny regarding their former client in this motion, their former client's interests are no longer a consideration, and they are seeking to advance their own interests. For these reasons, the alleged contractual language does not permit Mr. Young and Ms. Novotny to intervene and file on their own behalf in this action.

Dr. Tudor argued in her response to the motion for fees that she is entitled to file for fees, rather than Mr. Young and Ms. Novotny, whom she discharged for cause.[1] As noted

---

[1] Mr. Young pointed out in his reply that Dr. Tudor should have sought the Court's permission to file ex parte, but then publicly filed the confidential material, obviating the

above, evidence of the discharge is material to this argument. In response, Mr. Young and Ms. Novotny filed as ECF 375, Exhibits 5-7, self-serving emails they sent to Dr. Tudor questioning her mental condition. This violates Oklahoma Rule of Professional Conduct 1.9 (c), which prohibits a lawyer from using information relating to the representation to the disadvantage of the former client, or revealing information relating to the representation, except as the Rules would permit or require. Their use should therefore not be permitted in this proceeding. Mr. Young invoked as his authority for their use Okla. Stat. title 12, § 12-2502(D).[2] The statute states that no privilege applies to communications "relevant to a breach of duty by the attorney to the client or by the client to the attorney." This statute is inapplicable, however, to the communication provided by Mr. Young and Ms. Novotny.

The types of issues to which § 12-2502(D) has been applied are malpractice cases. *See, e.g.*, *Imperial Fire & Cas. Ins. Co. v. Warman*, No. 13-CV-813-CVE-FHM, 2014 WL 3671327, at *2 (N.D. Okla. July 22, 2014); *Trinity Mortg. Companies, Inc. v. Dryer*, No. 09-CV-551-TCK-FHM, 2010 WL 2474055, at *2 (N.D. Okla. June 8, 2010). By contrast, Dr. Tudor's response raised the issue of her desire and right to file for attorney fees, raising as her reason for doing so her discharge of Mr. Young and Ms. Novotny for cause. She was not raising any issue of "breach of duty," and she was not inviting lengthy argumentation about which party is right. Even if she were mistaken in discharging them for cause, such

---

need for an ex parte filing. However, in response to Dr. Tudor's seeking consent for filing the unexpurgated version, he stated that they opposed the filing.

[2] The reference to the NY Rules of Professional Conduct 1.6 (b)(5)(ii) is irrelevant, as it does not apply to this action.

would still be evidence in favor of her right to control the filing for fees. The present motion is about who has the right to file a fee petition, not whether Mr. Young and Ms. Novotny wished to withdraw from Dr. Tudor's case because they self-servingly questioned her mental capacity. For these reasons, Mr. Young and Ms. Novotny should not be permitted to rely on these Exhibits.

November 10, 2021

Respectfully submitted,

/s/ Jillian T. Weiss
Jillian T. Weiss
LAW OFFICE OF JILLIAN T. WEISS, PC
226 Prospect Park West, No 104
Brooklyn, New York 11215
Telephone: (845) 709-3237
Facsimile: (845) 684-0160
jweiss@jtweisslaw.com

Attorney for Plaintiff