IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. RACHEL TUDOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-15-324-C |
| ) | |
| SOUTHEASTERN OKLAHOMA ) | |
| STATE UNIVERSITY and THE ) | |
| REGIONAL UNIVERSITY SYSTEM ) | |
| OF OKLAHOMA, ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM OPINION AND ORDER

After the jury found in favor of Plaintiff on her claim, the Court entered judgment in her favor. Defendants then appealed and Plaintiff cross-appealed. While the appeal was pending, Plaintiff parted ways with two of the lawyers who represented her at trial – Ezra Young and Brittany Novotny. The Tenth Circuit recently entered judgment affirming in part and reversing in part the Court's judgment. Following entry of the Tenth Circuit's Opinion, Young and Novotny filed a supplemental request for attorneys' fees and a renewed bill of costs. Defendants and Plaintiff's current lawyers have objected to those requests, arguing that Young and Novotny are not the proper party to seek attorneys' fees or costs because they no longer represent Plaintiff.

The fee request in this case is governed by 42 U.S.C. § 2000e–5(k). In pertinent part that statute states: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . ." For purposes of the present dispute, the dispositive portion of the statute is

the phrase "prevailing party." In Soliman v. Ebasco Services, Inc., 822 F.2d 320 (2d Cir. 1987), the Second Circuit was faced with a situation similar to the one in this case. The plaintiff in Soliman brought a Title VII claim against her employer. She obtained a favorable jury verdict. Soliman's attorney then filed a request for attorney's fees. The trial court entered judgment and denied the request for fees. The attorney then filed an appeal of the denial of fees and Soliman sent a letter to the Court stating she did not approve of the appeal. The Second Circuit held:

> Thus, independent of his client, an attorney has no personal right to an award of statutory attorney's fees under 42 U.S.C. § 2000e-5(k). Of course, an attorney also lacks standing to appeal an award of prejudgment interest without his client's authorization. We find no authorization of this appeal by Ms. Soliman. The record contains only Ms. Soliman's statement that the notice of appeal filed by her attorney was unauthorized. Since the prevailing party has not authorized the appeal, and her attorney lacks standing to prosecute it in his own name, it must be dismissed.

Soliman, 822 F.2d at 323. The Tenth Circuit has reached a similar conclusion. In Weeks v. Indep. Sch. Dist. No. I-89 of Oklahoma Cty., OK., Bd. of Educ., 230 F.3d 1201 (10th Cir. 2000), the Court disqualified the plaintiff's attorney for misconduct and separate counsel appeared for plaintiff at trial, securing a favorable verdict. After the Court reduced certain cost requests and the attorney fee request, the disqualified attorney appealed. The Tenth Circuit held the disqualified attorney lacked standing to appeal either the cost or fee issue. Id. at 1213. Noting, as the Second Circuit had, that the term "prevailing party" means the party not the attorney. Id.

Young and Novotny raise two arguments in support of their quest for attorneys' fees. First, they note that where a client assigns the right to collect fees to counsel then counsel has an interest in the fees. In support of this argument Young and Novotny direct the Court to <u>United Transp. Union Loc. 1745 v. City of Albuquerque</u>, 352 F. App'x 227 (10th Cir. 2009), to support their argument that a fee award may be assigned and then the attorney may act without the client. Factually this case is very different from the one at bar. In <u>United Transportation</u>, the attorney fee had been paid by the plaintiff to the attorney when a third party attempted to collect. The Tenth Circuit noted that after the award is entered, the attorney secures a right to it and may act to protect that right. <u>Id.</u> at 230. The other cases cited by Young and Novotny follow the same reasoning. Indeed, one of the cases, <u>Manning v. Astrue</u>, 510 F.3d 1246 (10th Cir. 2007), reaffirms that it is only the party who can apply for fees and cannot assign the right to seek them. <u>Id.</u> at 1252. Only after the party has received an award and assigned it to her attorney can the attorney act to collect the award. <u>Id.</u> The second basis raised by Young and Novotny is this Court's February 10, 2020, Order (Dkt. No. 352) which permitted Young and Novotny to withdraw and participate in any future attorneys' fees proceedings. Reliance on that Order is misplaced, as at the time it was entered, Plaintiff had not made clear that Young and Novotny were not authorized to seek fees on her behalf. Rather, the Order was entered primarily to permit new counsel to represent Plaintiff from that point forward. Further, the Order recognized the existence of Young and Novotny's attorneys' lien which as discussed below remains relevant.

After consideration of the governing law and the arguments of the parties, the Court finds that Young and Novotny's supplemental motion for attorneys' fees must be stricken for lack of standing. As discussed below, that does not necessarily mean that Young and Novotny are not entitled to recover attorneys' fees or costs. Rather it simply means they cannot press a claim for those fees or costs against Defendants. The right to seek attorneys' fees and costs exists only in Plaintiff, and she has made clear she does not authorize the supplemental Motion of Young and Novotny.

As noted, Young and Novotny assert they have a valid attorneys' lien pursuant to 5 Okla. Stat. § 6. Any such valid lien attaches to any judgment in Plaintiff's favor and would permit Young and Novotny to collect directly from Plaintiff. See Mehdipour v. Holland, 2007 OK 69, ¶ 22, 177 P.3d 544, 549. Further, Young and Novotny claim a contractual right to their attorneys' fees from Plaintiff. Even absent a valid lien, in the event that contractual right is found to be enforceable, Young and Novotny could again collect their fees directly from Plaintiff. See Lashley v. Moore, 1925 OK 397, 240 P. 704. Finally, Oklahoma recognizes the doctrine of quantum meruit as a mechanism for recovery of attorneys' fees when counsel is discharged by a client and other remedies are unavailable. See Self & Assocs., Inc. v. Jackson, 2011 OK CIV APP 126, 269 P.3d 30. The Court makes no determination which, if any, of these avenues are available to Young and Novotny. Rather, the Court merely observes that there are numerous options available through which those attorneys can be compensated for the time they spent representing Plaintiff. The Court also notes that under each of those possible avenues of recovery, any

attorneys' fees will be paid by Plaintiff, not Defendants, thus potentially substantially impacting the amount of recovery Plaintiff may obtain from Defendants. In the absence of compromise, pursuit of attorneys' fees under these options will require initiation of new litigation. It seems in Plaintiff's interest that Plaintiff and her former and present counsel seek a method to resolve this issue among themselves.

As set forth more fully herein, the revised Bill of Costs (Dkt. No. 361) and Attorneys Young and Novotny's Supplemental Motion for Recovery of Attorneys' Fees (Dkt. No. 363) are STRICKEN.

IT IS SO ORDERED this 28th day of December 2021.

ROBIN J. CAUTHRON
United States District Judge