IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. RACHEL TUDOR, | ) |
|         Plaintiff, | ) |
| vs. | ) No. CIV-15-324-C |
| SOUTHEASTERN OKLAHOMA STATE UNIVERSITY and THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA, | ) |
|         Defendants, | ) |

**MEMORANDUM OPINION AND ORDER**

After the jury found in favor of Plaintiff on her claim, the Court entered judgment in her favor. Defendants then appealed and Plaintiff cross-appealed. While the appeal was pending, Plaintiff parted ways with two of the lawyers who represented her at trial – Ezra Young and Brittany Novotny ("Young and Novotny"). Plaintiff continues to be represented by attorney Jillian Weiss (Weiss). Collectively these attorneys have filed several Motions primarily consisting of ad hominem attacks on each other. Now Young and Novotny have filed a Motion for Sanctions pursuant to Fed. R. Civ. P. 11 against Weiss.

In support of their Motion, Young and Novotny argue that Weiss has misrepresented facts, engaged in perjury, and encouraged her client to engage in perjury. The majority of the complaints raised by Young and Novotny center on issues related to the dispute between the parties about who is entitled to receive attorneys' fees for the work in this case. By separate Order dated December 28, 2021 (Dkt. No. 391), the Court held that any attorneys' fees awarded to Plaintiff from Defendants are to be awarded to Plaintiff. The Court noted, however, that Young and Novotny may be entitled to collect their attorneys' fees directly from

Plaintiff. Young and Novotny argue that Weiss has misrepresented facts and/or law and must be sanctioned for the misconduct. The Court has considered the instances referenced and finds no sanctionable conduct. Each of the alleged misrepresentations raised by Young and Novotny at most reveal Weiss advocating for a position by relying on an extension of existing law. Such advocacy is not sanctionable under Rule 11. See Fed. R. Civ. P. 11(b)(2). As for the other allegations raised by Young and Novotny, they raise nothing more than a different view of the applicable facts. Consequently, there is no sanctionable wrongdoing.

While the Court has found no sanctionable conduct, that ruling does not mean the conduct of either Weiss or Novotny and Young has been proper. Rather, it is evident that personal animosity among counsel is so strong that these attorneys are more interested in exacting some penalty against the other than in representing Plaintiff. Further similar actions will result in sanctions up to and including disqualification to proceed further in this matter.

As set forth herein, the Motion for Sanctions Against Attorney Jillian Weiss (Dkt. No. 383) is DENIED.

IT IS SO ORDERED this 29th day of March 2022.

ROBIN J. CAUTHRON
United States District Judge