## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RACHEL TUDOR,

   Plaintiff,

v.

                               **Case No. 15-cv-324-C**

SOUTHEASTERN OKLAHOMA STATE
UNIVERSITY, and

THE REGIONAL UNIVERSITY
SYSTEM OF OKLAHOMA,

   Defendants.

## PLAINTIFF AND DEFENDANTS' JOINT OBJECTION TO YOUNG AND STEWART'S JOINT MOTION FOR LEAVE TO INTERVENE

Plaintiff, Rachel Tudor, and Defendants, Southeastern Oklahoma State University, ("SEOSU"), and the Regional University System of Oklahoma ("RUSO"), ("Defendants"), (collectively "Parties"), object to non-parties Young and Stewart's Joint Motion to Intervene ([Doc. 414]) and request the Court deny the requested leave to intervene. In support of their objection, the Parties show the Court as follows:

### ARGUMENT AND AUTHORITIES

Former attorneys for Plaintiff, Ezra Young and Britany (Novotny) Stewart, belatedly seek to intervene in this action at the eleventh hour - a month after the parties settled all of their disputes and the Court entered an Administrative Closing Order which stated, "If the parties have not reopened this case within 30 days of this date, to the purpose of dismissal pursuant to the settlement and compromise, Plaintiff's action shall be deemed to be dismissed

with prejudice." [Doc. 413]. The Parties did not reopen the case, and thus, the action is deemed dismissed with prejudice.

Plaintiff's former counsel move to intervene under the guise of "preserving their interests in being fully compensated for their attorney time and costs." The proposed Complaint in Intervention reveals Young and Stewart are not attempting to preserve their interests, but instead are attempting to assert three (3) new claims, all unrelated to the Title VII claims and issues exhaustively litigated for eight years in this matter. These claims include: (1) Claim to Enforce Statutory and/or Equitable Attorney Lien; (2) Contractual Entitlement to Fees and Costs; and (3) Quantum Merit. Significantly, each proposed new claim fabricates entitlement to excessive fees and intentionally omits the binding contractual language in former counsel's Retainer Agreement with Dr. Tudor, which states:

> **11. The legal fee for this representation will be on the following basis: a one-third (33-1/3%) share of any amounts collected by me or on my behalf as compensation or damages shall be due.**

Deceptively, former counsel intentionally excludes this contractual provision from both the Motion to Intervene and the proposed Complaint in Intervention.

Through a misplaced effort to intervene, former counsel are seeking for this Court to re-write the contractual terms of the May 18, 2017 Retainer Agreement between Mr. Young and Dr. Tudor, in order to recover a significantly greater amount of attorney fees than they are contractually entitled to receive. Former counsel acknowledge the purpose of their belated Motion to Intervene is solely to prevent dismissal of this action. Young and Stewart contend dismissal should not occur "until the undersigned's legal bills are satisfied". [Doc. 414, p. 7]. Young and Stewart fully admit "Dr. Tudor is free to broker whatever settlement she wishes

to with Defendants." *Id.* at p. 8. Former counsel have no basis to intervene or interfere with the dismissal of this action. Former counsels' claim that Dr. Tudor cannot "settle around" attorneys' liens completely ignores the existing contractual obligation, as well as their ability to assert their claims, however spurious they may be, in the Interpleader action filed by Dr. Tudor. [1] *Id.*

## I.   MOVANTS CANNOT MEET THE INTERVENTION REQUIREMENTS OF FED. R. CIV. P. 24.

Glaringly absent from Young and Stewart's motion to intervene is any legal authority justifying their intervention. The federal rules governing intervention are set forth in Fed. R. Civ. P. 24. Movants fail to set forth, much less address, any of Rule 24's requirements for intervention. Instead, movants present hyperbole as to why they should be allowed to pursue their state law claims to enforce attorney liens in this federal court, contending Dr. Tudor and Defendants colluded to broker a settlement around these liens. The present case is the very opposite of a collusive settlement. In the cases cited by Movants, the plaintiffs sought to deny their attorneys the fees due under their contingency retainer contracts. In the present case, to the contrary, Plaintiff has brought an interpleader action and requested an Order of the Court to deposit the amount due under their retainer contract with the Court. Far from seeking to avoid payment of a contingency fee, Plaintiff seeks to guarantee it by depositing the amount with the Court. Thus, Movants' citations to cases under the Oklahoma lien statute are inapposite.

---

[1] *Tudor v. Marie E. Galindo, Britany M. Novotny, Jillian t. Weiss, Ezra I. Young, and Transgender Legal Defense and Education Fund,* CIV-22-480-C, W.D. Okla.

Fed. R. Civ. P. 24 provides as follows:

(a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:
    (1) is given an unconditional right to intervene by a federal statute; or
    (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
(b) PERMISSIVE INTERVENTION.
    (1) *In General.* On timely motion, the court may permit anyone to intervene who:
    (A) is given a conditional right to intervene by a federal statute; or
    (B) has a claim or defense that shares with the main action a common question of law or fact.
    (2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
    (A) a statute or executive order administered by the officer or agency; or
    (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.
    (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.
(c) NOTICE AND PLEADING REQUIRED. A motion to intervene must be served on the parties as provided in <u>Rule 5</u>. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

This language establishes several factors for the court to consider before granting a motion to intervene. For an intervention of right, the movant **must make a timely motion** and must claim "[(1)] an interest relating to the property or transaction that is the subject of the action, (2) the disposition of the litigation may, as a practical effect impair or impede the movant's interest; and (3) the existing parties do not adequately represent the movant's interest." *Wild Earth Guardians v. Natl. Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010); *W. Energy All. v. Zinke,* 877 F.3d 1157, 1164 (10th Cir. 2017).

**A. The Test of Timeliness for a Motion to Intervene.**

The Court assesses timeliness "in light of all of the circumstances" including "the length of time since the [movant] knew of [its] interests in the case; [(2)] prejudice to the existing parties; [and (3)] prejudice to the movant… the existence of any unusual circumstances" *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223 (10th Cir. 2010); *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (internal citation omitted); *see also Nat'l Ass'n for Advancement of Colored People v. New York,* 413 U.S. 345, 365 (1973).

### i. *Young and Stewart cannot satisfy the Timeliness Requirement.*

The delay in filing a motion to intervene is not measured from the time the movant learns of the litigation but from the time "the movant was on notice that its interests may not be protected by a party already in the case." *Tyson*, 619 F.3d at 1232 (internal citations omitted). In *Tyson*, the court held the movants' motion was untimely because they were on notice that most of their claims were not adequately represented for four plus years. *Id.* at 1234-35. The court further stated that the motion would be untimely even if the movants had delayed for one year. *Id.* at 1235; *see also Butler, Fitzgerald & Potter v. Sequa Corp.*, I250 F.3d 171,182 (2d Cir. 2001) (finding motion untimely where it was filed a year after the movant learned of threat to their interest). In *Zinke*, the court presumed the motion to intervene was timely where it was filed approximately two months after the complaint. 877 F.3d at 1163, 1165. In *Sanguine, Ltd. v. U.S. Dept. of Int.*, the court found that movant's motion to intervene was timely, despite filing approximately 30 days after the case settled, because the movant did not learn of its interest until two weeks after the settlement. 736 F.2d 1416, 1418 (10th Cir. 1984).

"Among the most important factors in a timeliness decision is 'the length of time the applicant knew or should have known of his interest before making the motion.'" *Butler* at 182. Here, Young knew of his interest in the case (his claim for attorney fees) from the time he undertook representation of the Plaintiff in May 2017. In August 2019, Young and Stewart notified Dr. Tudor they wished to terminate their representation, and withdrew as counsel in early 2020, citing an irrevocable breakdown of their attorney-client relationships. [Doc. 414-1, ¶¶20, 21.] Further, Young and Stewart admit that in the fall of 2021, "Tudor aggressively opposed our direct participation in motion practice. Glaringly, Dr. Tudor conceded to this Court that she intended to block our efforts under a specious claim that she had the unilateral power to both oppose our filings and, ultimately refuse to pay our bills." *Motion to Intervene* at 3. Mr. Young further alleges that his petition for fees was struck down in December of 2021, that "Dr. Tudor has resisted any and all invitations to settle her bills," and that "Dr. Tudor's present counsel went radio silent" in response to his inquiries. *Motion to Intervene* at 4-5. Obviously former counsel questioned, if not significantly doubted, whether their interest was being adequately represented for at least a year before they filed a motion to intervene on July 13, 2022. Movants' motion to intervene should be denied because it cannot meet the Fed. R. Civ. P. 24 timeliness requirement.

### ii. Movants' Intervention would Prejudice Existing Parties.

The prejudice caused to the existing parties must result from the delay in filing the motion to intervene and not from the act of intervening itself. *Id.* at 1236. In *Tyson*, the Court found that the movant's delay would cause the existing parties' significant prejudice because the motion to intervene, filed approximately three weeks before trial, would delay the trial

more than 120 days and the parties had already arranged their schedules and those of their witnesses. *Id.*; *see also Zinke* 877 F.3d at 1165 (finding motion was timely where it was filed within two months of the complaint).

Here, the Parties settled the case after months of intensive settlement negotiations and multiple judicial settlement conferences, (not to mention multiple settlement conferences and endeavors undertaken by the Parties prior to the 2017 trial of this matter). Allowing Young and Stewart to intervene in the final hour prejudices the Parties, as it places the settlement at risk and permits movants' interference in litigation in which they have no legitimate interest.

### iii. *Movants Face Little Prejudice if their Motion is Denied.*

In *Tyson*, the Court held that the movant would not be prejudiced by a denial of intervention because the movant would be able to bring its claims in a separate lawsuit if it wishes. 619 F.3d at 1237. In the present case, Young and Stewart would not be prejudiced by denial of their motion to intervene because they can assert their claims in the Interpleader action filed specifically to resolve claims for attorney fees. In the alternative, they can file a separate action.

Young suggests the Court should exercise supplemental jurisdiction over this matter. In this case, however, there are several sets of attorneys with competing claims, including Ms. Weiss, Ms. Galindo, and the Transgender Legal Defense and Education Fund, as well as Mr. Young and Ms. Novotny. Courts in this Circuit have declined to exercise supplemental jurisdiction in similar circumstances. [2]

---

[2] [T]he claims remaining to be resolved present a triangular battle somewhat resembling an Interpleader action, in which each party's clear interest is to dispute the reasonableness of the

**B. Whether an Attorney's Lien Constitutes an Interest within the Meaning of Fed. R. Civ. P. 24(a) is a Question of First Impression for the Tenth Circuit.**

To intervene as a matter of right, a movant's interest must be "direct, substantial, and legally protectable." *City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (internal citations omitted). The Tenth Circuit has not ruled on the issue of whether an attorney's lien creates a protectable interest in the subject of the litigation and the other circuits are split.

In considering whether an attorney lien qualified as an interest sufficient to justify intervention as of right, the Second Circuit, in *Butler,* indicated it was questionable whether a discharged attorney's intervention into a former client's action fit within the language of Fed. R. Civ. P. 24(a), which provides that the putative intervenor must "claim [] an interest relating to the property or transaction *which is the subject of the action*." Fed. R. Civ. P. 24(a). (emphasis added). The Court determined "the interest of discharged counsel seemingly is not in the subject of the underlying action… but is rather an interest in recovering delinquent attorney's fees". 250 F.3d at 177

conduct of the other two sides in order to obtain the lion's share of a pot of available funds. *C.f. Itar–Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 448 (2d Cir.1998) (finding abuse of discretion where trial court declined to exercise supplemental jurisdiction over "straightforward" fee claim in which "the only issue … is which of the Appellees are liable for the undisputed fees and expenses owed to the Appellants"). In addition, it is apparent that the Plaintiff's defense/counterclaim of malpractice against both Manthei and LaRiviere *will* require "extensive additional fact-finding,"[4] both as to the nature and extent of the services actually provided by each counsel, as well as to the quality of those services. [T]he Court declines to adopt the Magistrate Judge's Recommendation and finds that, in the exercise of discretion, the Court should decline to exercise jurisdiction over the remaining claims. *Phillips v. AWH Corp.*, No. 97-CV-00212-MSK-CBS, 2008 WL 4151317, at *2–5 (D. Colo. Sept. 4, 2008)

In *Gaines v. Dixie Carriers, Inc.*, a law firm operating under a contingent fee agreement was discharged by their client and subsequently moved to intervene to protect their interest in attorney's fees. 434 F.2d 52, 53-54 (5th Cir. 1970). The court stated, "We think it clear that the appellant law firm here claimed an interest in the subject of the action." *Id.* at 54. However, the Fifth Circuit has more recently questioned whether a discharged attorney's intervention into a former client's action contravenes prudent public policy. *See Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986)

In the present case, permitting Young and Stewart to intervene in this litigation, where Young has repeatedly filed venomous pleadings attacking Dr. Tudor and her counsel, would seem to strongly go against prudent public policy.

### C. Movants Should not be Granted Permissive Intervention.

"The grant of permissive intervention lies within the discretion of the district court." *Kane County, Utah v. U.S.*, 597 F.3d 1129, 1135 (10th Cir. 2010) (internal citations omitted). Timeliness is also a mandatory element of a motion for permissive intervention and, as established *supra*. Movants have not filed a timely motion to intervene. In addition, Fed. R. Civ. P. 24(b)(1)(A-B), requires Movants to identify a federal statute giving them a conditional right to intervene, or show that their claim (for attorney's fees) shares a common question of law or fact with the main action (discrimination). Movants have not met either requirement, and thus permissive intervention should be denied.

Even if Young and Stewart could satisfy the permissive intervention requirements of 24(b)(1)(A-B), which they decidedly cannot, Fed. R. Civ. P. 24(b)(3) requires the Court to assess whether granting the motion will delay or prejudice the adjudication of the original

Parties' rights. In light of the Parties' settlement after years of litigation and months of settlement negotiations, the Court can only conclude that allowing Young and Stewart to intervene at this time would substantially prejudice the Parties.

## CONCLUSION

Former counsel Young and Stewart have failed to meet the mandatory intervention requirements set forth in Fed. R. Civ. P. 24. Most significantly, their failure to file a timely motion to intervene requires the Court to reject their request. In addition, Movants must satisfy all remaining Rule 24(a) requirements to justify intervention as a matter of right, yet they have failed to show they satisfied any of the remaining requirements. Permissive intervention should also be denied, not only for lack of timeliness, but due to prejudice to the existing Parties.

Respectfully submitted,

/s/ Dixie L. Coffey
**DIXIE L. COFFEY, OBA #11876**
**JEB E. JOSEPH, OBA #19137**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: 405.521.3921
Facsimile: 405.521.4518
Email: dixie.coffey@oag.ok.gov
Email: jeb.joseph@oag.ok.gov
*Attorneys for Defendants Southeastern Oklahoma State University and The Regional University System of Oklahoma*

**/s/** Jillian T. Weiss
_____
*(signed with permission of counsel)*
**JILLIAN T. WEISS**
Law Office of Jillian T. Weiss, PC
226 Prospect Park West, #104
Brooklyn, New York 112115
Telephone:    845.709.3237
Facsimile:    845.684.0160
Email: jweiss@jtweisslaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 17th day of August 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing; I further certify that at rue and correct copy of the foregoing document was sent via the ECF System to all counsel who are registered participants.

/s/Dixie L. Coffey
_____
Dixie L. Coffey