IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DR. RACHEL TUDOR,                          )
                                           )
                    Plaintiff,             )
                                           )
        vs.                                )        No. CIV-15-324-C
                                           )
SOUTHEASTERN OKLAHOMA                      )
STATE UNIVERSITY and THE                   )
REGIONAL UNIVERSITY SYSTEM                 )
OF OKLAHOMA,                               )
                                           )
                    Defendants,            )

## MEMORANDUM OPINION AND ORDER

Following the Tenth Circuit's decision in this matter, the parties entered into settlement negotiations.   On June 14, 2022, the parties announced a settlement had been reached and requested the Court enter an Administrative Closing Order.   Approximately one month later, former counsel of Plaintiff, Ezra Young and Brittany Stewart, moved to intervene.   In that Motion Young and Stewart claim an interest in the settlement proceeds to address their attorneys' fees and costs incurred during their representation of Plaintiff.   Plaintiff and Defendants have filed a joint Objection to the Motion to Intervene.

The parties are in agreement that Young and Stewart's request to intervene is governed by Fed. R. Civ. P. 24.   That Rule outlines the standards governing both intervention as of right and permissive intervention.   Rule 24 also makes clear that whether intervention is of right or permissive any motion must be timely.   In evaluating the timeliness of a motion to intervene, the Tenth Circuit instructs the Court to consider "all of the circumstances" as measured in four areas 1) the length of time the interest in the case was known; 2) whether intervention will prejudice the existing parties; 3) what prejudice will occur if intervention is denied; and 4) any

other unusual circumstances.   See Sanguine, Ltd. v. U.S. Dep't of Interior, 736 F.2d 1416, 1418 (10th Cir. 1984).   Of these factors, the Tenth Circuit has noted the length of time the applicant knew or should have known is the most important.   See Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 182 (2d Cir. 2001).   The parties argue that under this analysis, the Motion of Young and Stewart must be denied as untimely.

The parties argue Young and Stewart delayed filing their request for intervention for too long.   According to the parties, Young and Stewart knew they had an unprotected interest in the case as early as 2019, when they notified Plaintiff they wished to terminate their representation of her.   The parties also note that in the Motion to Intervene Young and Stewart admit that in the fall of 2021, Plaintiff aggressively opposed their efforts to recover their attorneys' fees.   Indeed, the Court's docket reflects that in October of 2021, Plaintiff through counsel was taking actions which made clear her opposition to any claim by Young and Stewart to recover their attorneys' fees and costs.   Further, in December of 2021, the Court entered an Order which made clear that Young and Stewart's interests were not protected and were clearly opposed by Plaintiff and her then-counsel.

Young and Stewart argue their claim did not ripen until June of 2022, when the parties reached a settlement and did not address their claims.   Young and Stewart point to language from the Court's December 28, 2021, Order arguing it is the law of this case that the claims did not ripen until there was a settlement.   However, this argument misapplies the Court's statements.   The Court did not make a determination of when any claim would ripen, rather the Court noted that there were options available to Young and Stewart to recover their fees.   Thus, the Court finds the first factor weighs in favor of denying the Motion to Intervene.

2

The second factor considers whether intervention will prejudice the original parties. The parties argue that permitting Young and Stewart to intervene at this stage will clearly cause prejudice.   The parties note that it is not the intervention but the timing of the intervention that creates the harm.   The parties note that after months of intense negotiation, they have reached a settlement and resolved the case.   Permitting Young and Stewart to intervene at this stage would likely undo those negotiations.   The parties note that any interest Young and Stewart possess is in fees owed to them and not in the myriad of other factors relevant to the settlement. In response, Young and Stewart argue intervention would actually foster judicial economy. Young and Stewart assert that the parties have wrongfully settled the case around their interests and denying their intervention will ultimately result in piecemeal litigation.

The Court finds that permitting intervention at this stage will prejudice the original parties.  As noted above, the settlement of this matter involved more than the payment of money.   There were factors of reinstatement, tax issues, and multiple other pieces to consider in determining whether and how to best resolve the case for all parties involved.   To put those negotiations at risk as the result of a delayed request to intervene is prejudicial to the parties who negotiated the settlement.   This factor weighs in favor of denying intervention.

Finally, the Court considers what prejudice, if any, will occur to Young and Stewart if intervention is denied.   Young and Stewart offer no clear arguments on this factor beyond the claim that denying their Motion will result in additional litigation.   The parties note that an Interpleader action has been filed to address the competing claims for attorneys' fees and that Young and Stewart's interests can be addressed in that litigation.   In the absence of any demonstration of prejudice, the Court finds this factor weighs in favor of denying intervention.

3

After considering all the factors related to the timeliness of the Motion to Intervene, the Court finds it must be denied.   The Motion is untimely, as Young and Stewart were aware of the need to act to protect their claims for a substantial period of time before they acted. Permitting intervention at this stage would prejudice the original parties and Young and Stewart have failed to demonstrate any prejudice to their interests.

Young and Stewart had also filed an Objection to Plaintiff's Notice of Dismissal.   That Objection was premised on a successful intervention.   As the Court has denied intervention, Young and Stewart lack standing to object to the dismissal.

For the reasons set forth herein, Ezra Young and Brittany Stewart's Joint Motion for Leave to Intervene (Dkt. No. 414) is DENIED.   Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and the parties filing of the Stipulation of Dismissal (Dkt. No. 415) this case is deemed DISMISSED with prejudice.

IT IS SO ORDERED this 6th day of September 2022.

ROBIN J. CAUTHRON
United States District Judge

4